**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**PAGE AIRWAYS, INC., et al., Defendants.**

Civ. A. No. 78–656.

United States District Court, District of Columbia.

Nov. 18, 1978.

Burton Wiand, Washington, D. C., for plaintiff.

Judah Best, Dickstein, Shapiro & Morin, Washington, D. C., for defendants.

## MEMORANDUM

GASCH, District Judge.

The Securities and Exchange Commission (SEC) brought this civil injunction action against Page Airways, Inc. (Page) and certain of its officers and directors for violations of the federal securities laws. The SEC alleges that the marketing practices and sales activities of Page with respect to the sale of Gulfstream II (G–II) aircraft violated the Securities Exchange Act of 1934, and the Foreign Corrupt Practices Act. Page is a worldwide dealer for G–II aircraft, manufactured by Grumman American Aviation Corporation (Grumman). The complaint names six directors and officers of Page as individual defendants. The complaint further alleges that all defendants, in order to consummate sales of aircraft and spare parts to foreign entities, made improper and illegal payments to foreign officials or to commission agents without adequate controls to insure that such disbursements were made for the purposes indicated in Page records and without adequate controls to document whether services provided were commensurate with the amounts paid. The SEC also charges that false and misleading entries to disguise these payments were made in Page's books and records, and that false and misleading statements were made in filings to the SEC.

Defendants have moved to transfer this action to the Western District of New York, Rochester Division, for the convenience of parties and witnesses, pursuant to 28 U.S.C. § 1404(a) (1976).[1] Defendants contend that the factual nexus with Rochester and the convenience of defendants and many witnesses require transfer. Plaintiff objects to the transfer, arguing that there are many witnesses for whom Rochester would not be convenient, and pointing to the burden and expense that would be imposed on the SEC if the case were to be transferred. For the reasons set forth below, the Court finds that the purposes of section 1404(a) would best be served by transferring this case.

■ The standards to be considered in determining whether to grant or deny a section 1404(a) motion to transfer are generally a matter left to the discretion of the trial court.[2] Although the statute itself mentions only three considerations,[3] a court is not limited to those rather broad generalities, but may consider other factors which are subsumed by the purpose of the statute. *See Chicago, Rock Island & Pacific R.R. Co. v. Igoe,* 220 F.2d 299 (7th Cir. 1955).

Among the factors to be considered are convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of the potential transferee and transferor courts; and other practical aspects of expeditiously and conveniently conducting a trial. *Id.* at 304.[4] The Court has considered each of the above factors in reaching its decision in this case.[5]

■ Defendants urge that convenience of the parties would best be served by transfer because all but one of the defendants reside in Rochester. They point out that Page's business would be substantially disrupted by having litigation proceed in an inconvenient forum. *See United States v. General Motors Corp.,* 183 F.Supp. 858 (S.D.N.Y. 1960).[6] Moreover, the individual defendants in this action represent a large part of Page's senior management. Although substantial weight must of course be accorded plaintiff's choice of forum under section

---

1. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1976).

2. *Fine v. McGuire,* 139 U.S.App.D.C. 341, 433 F.2d 499 (1970); *see generally* C. Wright, Law of Federal Courts § 44 (3d ed. 1976).

3. The statutory considerations are: (1) convenience of the parties; (2) convenience of witnesses; and (3) the interest of justice. *See* note 1 *supra.*

4. *See also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Alameda Oil Co. v. Ideal Basic Indus., Inc.,* 313 F.Supp. 164 (W.D.Mo.1970).

5. Section 1404(a) stipulates that a case may only be transferred to a court in which "it might have been brought." *See* note 1 *supra.* In the instant case it is clear that the SEC might have brought the action in the Western District of New York. Section 27 of the Securities Exchange Act of 1934 provides in part:
Any suit or action to enforce any liability or duty created by this chapter or rules and

regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.
15 U.S.C. § 78aa (1976).

6. The court in *General Motors* observed:
If the trial is held in Cleveland, the Euclid executives can perform their regular duties except when actually testifying or preparing their testimony. They need not neglect their regular duties for an entire day, or lose time waiting to testify, awaiting recall to the stand, or awaiting the settlement of procedural matters among the attorneys and the court. Even on days on which such a witness testifies, he can devote noncourt and evening hours to his regular work and to conferring with his associates, subordinates, customers, and suppliers. He can accomplish this in his familiar working place, with tools, files, and help at hand.
183 F.Supp. at 861.

1404(a),[7] *see Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir. 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971), it appears to the Court that the overall burden on defendants in having to defend a suit of this type in this forum is much greater than the burden on plaintiff SEC in having to prosecute this action in the Western District of New York. Therefore, the convenience of parties in this case would be served by permitting transfer. Furthermore, additional considerations outweigh the traditional deference shown plaintiff's choice of forum.

Transfer of this action would greatly enhance the convenience to potential witnesses. Out of 64 potential witnesses listed by defendants, 25 reside in the Western District of New York. Of the remainder, almost all are located at equal distances from the District of Columbia and the Western District of New York. On this basis alone it would appear that the Western District would be more convenient overall for witnesses. Most of the SEC witnesses, on the other hand, are government employees, and it may be expected that the government would be able to produce them at trial in either forum. Additionally, defendants have demonstrated that certain crucial witnesses reside in the transferee forum, where it is more convenient for them to appear, and where, for potentially unwilling witnesses over whom defendants have no control, compulsory process may be used to compel attendance. Although the testimony of such witnesses could be obtained through deposition, this Court has previously observed that "live testimony is markedly preferable to lifeless written pages in mounting a defense, particularly where, as here, the resolution of critical factual issues will likely turn on the credibility of witnesses." *SEC v. Jos. Schlitz Brewing Co.,* No. 77–0612, slip op. at 2 (D.D.C. June 17, 1977).

This lawsuit concerns the marketing practices of a corporation whose marketing headquarters are located in the transferee forum. All of Page's marketing and sales activities initiate in Rochester, where all of the company's principal sales personnel are located. The argument of the SEC that sales personnel traveled all over the world in making sales is of no avail; the suit could not be brought in Liechtenstein or Uganda, and Page's sales headquarters *are* in Rochester. Page's accounting books and records and its bank accounts are in Rochester, and its audits are performed there. In short, the vast bulk of the documentary evidence in this case is in Page's custody and control in Rochester. The burden on defendants of litigating in the District of Columbia given the sheer volume of documents is a factor that weighs heavily in favor of transfer.[8] In a case such as this, involving allegedly false statements and improper practices, it is desirable to go behind SEC filings and examine the underlying documentary evidence. That evidence is largely in the Western District of New York.

Much has been made by counsel for plaintiff and defendants about the relative state of congestion in this Court and in Rochester. Suffice it to say that in all likelihood this case could come to trial with equal alacrity in either jurisdiction. The crowded or uncrowded state of the docket in the

---

7. Under the doctrine of forum non conveniens, plaintiff's choice of forum was rarely disturbed. Section 1404(a), however, is more than a mere codification of forum non conveniens, and transfer may be ordered on a lesser showing of inconvenience than would justify dismissal under the prior doctrine. *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Furthermore, the Court of Appeals for this Circuit has recently suggested that a plaintiff's choice of forum is no longer entitled to a great deal of weight. *SEC v. Savoy Indus., Inc.* (1978) 190 U.S.App.D.C. 252 at 257–258, 587 F.2d 1149 at 1154–1155.

8. In *Polin v. Conductron Corp.,* 340 F.Supp. 602 (E.D.Pa.1972), the court stated:

The location of the documents and their vast bulk are important factors in deciding the transfer issue. . . . I find that the severe burden and expense which would be placed on the defendants for photocopying or making the originals available in Philadelphia for further discovery or trial is a significant factor supporting the defendants' claim for transfer to Missouri.

340 F.Supp. at 606.

transferee and the transferor forum weighs neither in favor of nor against transfer. It has come to the Court's attention, however, that there is currently pending in the Western District of New York an action involving some of the same issues as are involved in this case. The two cases are not identical and would not be subject to consolidation in that District, but transfer of this case would allow whatever expertise that Court might gain in one suit to be applied to the benefit of efficiency in the other. The circumstances are analogous to the transfer of a civil case to a forum in which there is an ongoing criminal proceeding; the cases cannot be consolidated, but efficiency and justice are well served by having both proceed in the same forum. *See SEC v. Jos. Schlitz Brewing Co., supra.*

In sum, the balance of convenience in this lawsuit heavily outweighs the SEC's choice of forum. Transfer of the action to the Western District of New York serves the salutary purposes of section 1404(a) inasmuch as most defendants live there, and most witnesses would also find it convenient. Access to the proof needed to resolve the serious questions raised by this suit would be greatly facilitated by allowing the case to proceed in Rochester. After careful consideration of these factors and the others mentioned above, the Court concludes that transfer of the instant case to the Western District of New York, Rochester Division, is appropriate. Accordingly, defendants' motion to transfer will be granted.