**ISLAMIC REPUBLIC OF IRAN**

and

**Air Force of the Islamic Republic of Iran, Plaintiffs,**

v.

**The BOEING COMPANY**

and

**Logistics Support Corporation, Defendants.**

Civ. A. No. 79–1265.

United States District Court, District of Columbia.

Sept. 25, 1979.

Thomas G. Shack, Jr., Washington, D. C., for plaintiffs.

Carroll E. Dubuc, Washington, D. C., Keith Gerrard, Seattle, Wash., for defendants.

## MEMORANDUM

GESELL, District Judge.

Defendants have moved for an order transferring this action to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. § 1404(a) *; alternatively they seek dismissal on grounds of improper venue and lack of personal jurisdiction. The issues have been fully briefed on both sides. The Court concludes that this action should properly be transferred for the convenience of the parties and witnesses and in the interest of justice; it therefore does not consider the motion to dismiss.

Plaintiffs, a foreign government and its Air Force, seek to recover $75 million in damages from defendant corporations, an airplane manufacturer and its wholly controlled subsidiary doing business principally in the State of Washington. Plaintiffs allege that defendants' negligence caused the crash and total destruction of a 747 jet transport aircraft owned by plaintiffs and manufactured by defendant The Boeing Company ("Boeing"). The crash, which occurred in Spain in 1976, resulted in the deaths of all persons aboard the aircraft. Eight wrongful death actions were previously filed against Boeing in this Court; they were transferred to the Western District of Washington pursuant to § 1404(a) by Order of Judge Parker. *Clements v. The Boeing Co.*, No. 77–0783 (D.D.C. July 7, 1977). That district undisputedly is one where the instant action "might have been brought."

Under § 1404(a), a moving defendant bears the burden of showing that the balance of convenience and the interest of justice are in his favor. *SEC v. Savoy Industries, Inc.*, 190 U.S.App.D.C. 252, 257, 587 F.2d 1149, 1154 (D.C.Cir. 1978); *Cela-*

*nese Corp. v. Federal Energy Administration*, 410 F.Supp. 571 (D.D.C.1976). With respect to factors of convenience, to parties and witnesses, the Court finds that defendants have satisfied this burden. Seattle, Washington, is the principal place of business for both defendants. Virtually all of the documents and witnesses connected with the design, manufacture, testing and sale of the subject aircraft, and the training of operations personnel, are located in the Seattle area. The wreckage of the aircraft itself also has been transported to the State of Washington. Defendants argue persuasively that a trial in the District of Columbia would exact a considerable toll in terms of travel cost, disruption of normal business operations, and interference with personal and family lives.

Although plaintiffs contend that additional witnesses will have to be called from Iran to testify on aircraft modification and maintenance, and from Spain to testify as observers of the crash, these persons will be inconvenienced by extensive travel regardless of the place of trial in this country. Plaintiffs have identified no persons residing in the District of Columbia who will be called upon to testify. The factor of convenience of the witnesses therefore clearly favors transfer.

Plaintiffs also assert a claim of inconvenience to themselves as parties, premised on their need to consult with embassy staff in Washington, D. C., and the correlative difficulty of making such staff available in Seattle to coordinate this litigation. The necessity for embassy personnel to be in Seattle on a continuing basis is highly speculative. Moreover, any difficulty resulting from such a shift in personnel is offset by the equal discomfort to defendant parties of a protracted legal proceeding in Washington, D. C. The inconvenience experienced by plaintiffs' counsel in the District of Columbia, in having to travel to Seattle or retain local counsel there, is of minor, if any, importance under § 1404(a). *Poncy v.*

---

* 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."

*Johnson & Johnson*, 414 F.Supp. 551, 558 (S.D.Fla.1976); *Scheinbart v. Certain-Teed Products Corp.*, 367 F.Supp. 707, 710 (S.D.N.Y.1973). Accordingly, the overall balance of convenience favors defendants. *See Allied International Prod. Ltd. v. Textron Indus., Inc.*, 382 F.Supp. 210, 212 (S.D.N.Y. 1974); *Mitchell v. Farrell Lines, Inc.*, 350 F.Supp. 1325, 1327 (E.D.Pa.1972).

In weighing claims of convenience, the Court recognizes the diminished consideration accorded to a plaintiff's choice of forum where, as here, that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Northwest Animal Hospital, Inc. v. Earnhardt*, 452 F.Supp. 191, 193 (W.D.Okl.1977); *Wibau, Westdeutsche Industrie, etc. v. American Hoist & Derrick Co.*, 293 F.Supp. 273, 275 (S.D.N.Y.1968). Plaintiff's reliance, in this regard, on the analysis in *Starnes v. McGuire*, 168 U.S.App.D.C. 4, 15, 512 F.2d 918, 929 (D.C.Cir. 1974), and *NAACP v. Levi*, 418 F.Supp. 1109, 1113 (D.D.C.1976), is misplaced. Those cases involved federal agency policies, drawn up or finalized in the District of Columbia, which were an integral part of the controversy before the Court. By contrast, the subject matter of this litigation has little if any connection with the District of Columbia. Apart from a single meeting concerning the negotiation of the support services contract between plaintiffs and defendant Logistics Support Corporation, all operative facts giving rise to the litigation occurred elsewhere.

■ Finally, the interest of justice would clearly be served by transferring the action to the Western District of Washington. That court will have easier access to sources of proof, given the proximity of witnesses, documents, and physical evidence, and also the considerable amount of completed discovery available on related liability issues. If some United States law is to be applied in this negligence action, it probably will be Washington State law, with which Washington courts are thoroughly familiar. Most important, litigation in this Court of liability issues closely similar to issues pending for over two years in another federal court would be a grossly inefficient use of judicial resources. Litigation of such related claims in the same forum is strongly favored. *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir.) *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *I–T–E Circuit Breaker Co. v. Regan*, 348 F.2d 403 (8th Cir. 1965).

Defendants' motion for transfer is hereby granted for the reasons stated above; this matter is hereby transferred to the United States District Court for the Western District of Washington for all purposes. The Clerk of this Court is directed to transfer all papers accordingly, together with a certified copy of this Memorandum and Order.