**CONSOLIDATED METAL PRODUCTS, INC., Plaintiff,**

v.

**AMERICAN PETROLEUM INSTITUTE, et al., Defendants.**

Civ. A. No. 83–1137.

United States District Court, District of Columbia.

Aug. 29, 1983.

Lewis H. Goldfarb, Hirschkof & Grad, Alexandria, Va., for plaintiff.

James J. Bierbower, Bierbower & Bierbower, Washington, D.C., for American Petroleum Institute.

Richard M. Rindler, J. Stephen Lawrence, Jr., Emilla L. Govan, Pepper, Hamilton & Scheetz, Washington, D.C., for LTV Corp. and Continental Emsco Co.

T. Barry Kingham, Curtis, Mallet-Prevost, Colt & Mosle, New York City, for Dover Corp.

## MEMORANDUM OPINION AND ORDER

BARRINGTON D. PARKER, District Judge:

In this civil antitrust action the plaintiff, Consolidated Metal Products, Inc. (Consolidated), has charged the American Petroleum Institute (API), LTV Corporation (LTV), Continental Emsco, Co., Inc. (Emsco) and the Dover Corporation (Dover), with engaging in a conspiracy to discourage and prevent the sale of Consolidated's oil production equipment. Specifically, Consolidated alleges that API and the other defendants wrongfully engaged in a group boycott and wrongfully denied Consolidated the right to the API monogram or seal of approval on its products causing plaintiff to lose potential customers. Plaintiff asserts a cause of action under Sections 4 and 16 of the Clayton Act, as amended, 15 U.S.C. §§ 15 and 26.

All of the defendants have moved to dismiss the complaint, under either Rule

12(b)(2)(3) or (6), Fed.R.Civ.P., or alternatively, they move to transfer this proceeding to the United States District Court for the Northern District of Texas, Dallas Division.[1] In seeking transfer the defendants rely on 28 U.S.C. §§ 1404(a) or 1406(a).[2]

At the August 17, 1983 hearing on these matters only the transfer motion was considered. Counsel for the parties presented exhaustive legal memoranda and able argument on the factual and legal issues presented by that motion. For the reasons set out in this Memorandum Opinion and Order the Court finds that there is considerable merit in the defendants' request and determines that this proceeding should be transferred.

It is well recognized that "[E]xercise of the power to transfer authorized by § 1404(a) is committed to the sound discretion of the district court." *American Standard, Inc. v. The Bendix Corp.,* 487 F.Supp. 254, 260 (W.D.Mo.1980). However, the court does not have unlimited power; rather, transfer is limited to any other district or division where the action might have been brought. The Northern District of Texas is undisputably one where this proceeding might have been brought by the plaintiff. That proposed transferee court would have subject matter jurisdiction over this proceeding; venue over the defendants would be appropriate in that district under 28 U.S.C. § 1391(a) and section 12 of the Clayton Act, 15 U.S.C. § 22; and the defendants would be subject to service of process issuing out of the district court in Dallas, Texas, for violations of the Clayton Act.

In a request of this nature the movants have the responsibility and the burden of proof in supporting their request for a change of forum. They are required to make a convincing showing of the right to transfer and they must demonstrate that the balance of convenience of the parties and witnesses and the interest of justice are in their favor. *SEC v. Savoy Industries,* 587 F.2d 1149, 1154 (D.C.Cir.1978); *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. den.* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Section 1404(a) allows for transfer "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack,* 376 U.S. 612, 645–46, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964).

At the outset it is noted that plaintiff Consolidated is incorporated in the State of Ohio and its operating base is in Cincinnati, Ohio. There is no claim that it ever conducted any business in the District of Columbia. While the plaintiff claims that documents generated through discovery requests served on API show that antitrust violations occurred in the District of Columbia, a review of those documents leaves troubling questions and doubts as to whether they are indeed as relevant and telling as the plaintiff suggests.[3] On the other hand it is clear at this point that if the alleged violations occurred at all, the principal operative events and the important decisions relative to those violations were made in Texas and not in this forum. There is little in the record suggesting any connection with this forum. Consolidated's counsel has offices in Alexandria, Virginia and in the District of Columbia, but as Judge Gesell noted "any inconvenience experienced by plaintiff's counsel in having to travel [to

---

1. The API did not file a motion to transfer but on August 12, 1983, filed a pleading supporting transfer of this proceeding to the Dallas Division.

2. Section 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
   Section 1406(a) provides:
   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3. Plaintiff's Supplementary Documentation In Opposition To Defendants' Motion To Transfer, filed August 18, 1983, and Defendant API's Reply To Plaintiff's Supplementary Documentation In Opposition To Defendants' Motion To Transfer, filed August 22, 1983.

Texas] or retain local counsel there, is of minor, if any, importance under § 1404(a)." *Islamic Republic of Iran v. The Boeing Company,* 477 F.Supp. 142, 143 (D.D.C. 1979).

While API is incorporated in the District of Columbia, API's Corporate Department, which had the responsibility for the alleged antitrust activities, is located in Dallas. Eleven of the twelve principal decision-making and immediately involved divisions and offices of that Department are located in Dallas or elsewhere in Texas, or the adjoining State of Oklahoma. Only two potential witnesses are located in this forum—API's president and vice president, but at best, their participation and involvement is limited. Other potential and important API witnesses are located west of the Mississippi River, primarily in Texas and Oklahoma.

Both LTV and Emsco are Delaware corporations and Dallas, Texas is the principal base of business for each. LTV does maintain a corporate office in this forum and it is the parent corporation of Emsco. The two corporations are "doing business" in the Dallas Division of the Northern District of Texas, within the meaning of 28 U.S.C. § 1391(c). Each "transacts business" in Dallas for the purpose of establishing venue under Section 12 of the Clayton Act and each is "found" there and is amenable to service of process under the Act.

Dover, a Delaware corporation, seeks transfer under § 1406(a) "to any district or division in which it could have been brought." That appropriate division is in Dallas, Texas. Dover's headquarters and principal office is in New York City. It has no office in this jurisdiction nor is it licensed to do business here. Dover has several subdivisions and subsidiaries but none are incorporated or located here. The division which is the target of plaintiff's claim—the Norris Division—is located in Tulsa, Oklahoma. Norris Division has never made sales in and has never had a presence in the District of Columbia.

The plaintiff's argument that its choice of forum should be given great consideration overlooks a well-established and reasonable doctrine that such consideration is greatly diminished when the activities at issue have little, if any, connection with the chosen forum. In this connection, the API in response to Consolidated's discovery request, submitted a Chronology of Events.[4] That Chronology is very compelling and persuasive and demonstrates that the major and substantial activities about which the plaintiff complains did not occur in this forum but principally in the State of Texas.

After a fair evaluation of the records as a whole on the issue of transfer, it is clear that the interests of justice would be served by granting the defendants' request. The transferee court will have more immediate access to sources of proof, given the proximity of the important witnesses, the relevant documents, and the required discovery on the issue of liability. Beyond that, the sharply contested and unresolved issues presented by the motions to dismiss filed by all defendants save the API will not delay this proceeding.

For the reasons stated above, the defendants' motion for transfer is granted. This proceeding is hereby transferred to the United States District Court for the Northern District of Texas, Dallas Division.

The Clerk of the Court is directed to transfer all papers in this proceeding together with a certified copy of this Memorandum Opinion and Order.

---

**4.** Chronology of Events Related to Application by Consolidated Metal Products (June 6, 1973) attached as Exhibit 2 to Affidavit of T. Barry Kingham (filed July 25, 1983). *See also,* Defendant API's Reply to Plaintiff's Supplementary Documentation In Opposition To Defendants' Motion To Transfer (filed August 22, 1983), particularly paragraphs 4–9 and the supporting documentation further demonstrating the broad substantive responsibility and deference accorded the API Production Department in Dallas in contrast to the minor role played by API's Washington staff in this matter.