**INTERNATIONAL COMFORT PROD-
UCTS, INC., an Arizona
corporation, Plaintiff,**

v.

**HANOVER HOUSE INDUSTRIES,
INC., a Pennsylvania
corporation, Defendant.**

No. CIV 89–0056 PHX WPC.

United States District Court,
D. Arizona.

June 7, 1989.

Gregory J. Nelson, Joseph H. Roediger,
Phoenix, Ariz., for plaintiff.

Glenn S. Bacal, Lewis & Roca Law Firm, Phoenix, Ariz., Steven M. Weinberg, Cowan, Liebowitz & Latman Law Firm, New York City, for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff International Comfort Products, Ltd. ("International") filed suit against Defendant Hanover House Industries, Inc., ("Hanover") alleging trademark infringement and unfair competition claims. Defendant filed a Motion to Dismiss for Improper Venue, or in the alternative, a Motion to Transfer the action to the Middle District of Pennsylvania or the Southern District of New York. The parties fully briefed their positions and argument was heard. The Court now rules on Defendant's Motion to Dismiss/Motion to Transfer.

### I. *Defendant's Connection to Arizona*

Hanover publishes a direct mail order magazine which is distributed nationally. Sometime prior to the time this action was filed, International and Hanover had a contractual relationship which allowed Hanover to advertise International's product in its magazine. This relationship ended and International claims Hanover wrongfully continued to advertise its product in the magazine and supplied inferior products in response to orders for Plaintiff's product.

Hanover argues that it is not qualified to do business in Arizona, maintains no offices, agents, phone listings or facilities in the state and has no inventory located in Arizona. Hanover also argues that its only contacts with Arizona are the sending of direct mail magazines to addresses in the state and the shipment of merchandise to customers placing orders in Arizona. However, these contacts amount to only about 1.6% of the company's national circulation. Hanover requests dismissal or transfer under the doctrine of forum non conveniens to another District in which the parties have greater contacts.

International argues that Hanover is a wholly owned subsidiary of a Nevada corporation whose sales exceeded $4,000,000 in Arizona during 1988. In addition, this Nevada corporation owns and operates restaurants in Arizona. Finally, International disputes Hanover's claims that it does not do business in Arizona and that the claim arose elsewhere. International requests that the Court deny Hanover's Motion to Dismiss for Improper Venue and the Motion to Transfer, or if the Court sees fit, to transfer the case to the Southern District of California.

### II. *Venue Provision and Trademark Infringement Cases*

Title 28, U.S.C. § 1391 provides in pertinent part:

**§ 1391 Venue generally**

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

28 U.S.C.A. § 1391(b) (1976).

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . .

28 U.S.C.A. § 1391(c) (Supp.1989).

This statute does not authorize the Plaintiff's unfettered discretion to choose a forum where more than one district may provide proper venue. In fact, this section has been interpreted to provide venue, in those circumstances, to the district in which the defendants reside or to " 'a place which may be more convenient to the litigants'—i.e., both of them—'or to the witnesses who are to testify in the case' ". *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979) *citing*, S.Rep. No. 1752, 89th Cong., 2d Sess. 3 (1966). The *Leroy* court held that in the case where venue may be found in two districts and each are equally plausible in terms of the availability of witnesses and accessibility of other relevant evidence, the district which affords greater convenience to the *defendant*

should be the locus of the claim. *Id. See Johnson Creative Arts v. Wool Masters,* 743 F.2d 947, 955 (1st Cir.1984) (venue limitations were enacted by Congress to insure that all defendants have a fair location for trial, free from inconvenient litigation).

 Further, while section 1391 states that a corporation shall be deemed to reside in any district in which it is subject to personal jurisdiction, this does not mean that venue is proper in any district where Hanover could be subjected to service. *Johnson Creative Arts,* 743 F.2d at 950. In fact, the Court is required to determine whether Hanover has engaged in transactions "to the extent and of such a nature that the state in which the district is located *could* require the foreign corporation to qualify to 'do business' there." *Id.* at 954 (emphasis original). The *Johnson* court reasoned that a corporation that is engaged in business to the extent that it is subject to state qualification, has "localized" its business in that district and cannot be heard to complain that inconvenience would be a factor. *Johnson Creative Arts,* 743 F.2d at 955.

 Hanover has admitted that at least 56 orders were shipped to addresses in Arizona. This accounts for approximately 0.3% of the national orders of the Plaintiff's product. International alleges that 242 orders were shipped in Arizona—a total of 2.6% of the national orders. Using either figure, it is clear that this volume of business is insufficient to establish that Hanover is doing business in Arizona. *See Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 890 (S.D.N.Y. 1974) (The defendant sent 20/1000 catalogs to New York, which resulted in total retail sales of $37 for the state. These contacts were insufficient to establish that the defendant was doing business in New York. Court must look to the weight of the contacts within the state to determine if venue is proper.) A state in which the defendant has only miniscule contacts will not support a finding that the claim arose in that district. *Honda Associates,* 374 F.Supp. at 892.

International requests that the Court employ a slightly different test to determine if the venue requirements are met. International argues that a claim arises in any jurisdiction in which its product is confused with another. *Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 374 F.Supp. 184, 188 (D.Del.1974). This Court declines to follow this test finding instead that the weight of the contacts test is a more well-reasoned approach to determining whether venue will lie when the facts suggest miniscule contacts with one state and larger contacts with others.

Even if this Court were to determine that venue was proper in Arizona, factors relating to convenience must be considered.

### III. *Convenience to the Parties*

Hanover argues that it does not have sufficient contacts with the State of Arizona to establish that it is doing business in the State. Hanover's principal place of business is in Pennsylvania and a much larger percentage of Plaintiff's products were sold in either New York or Pennsylvania than in Arizona. Hanover placed advertisements for Plaintiff's products in New York and Pennsylvania during 1988. Hanover argues that all of the relevant witnesses and evidence are located outside Arizona, and therefore, defending a suit in Arizona is not only inconvenient, but financially burdensome. Hanover states that if the suit remains in Arizona, its key witnesses must travel to Arizona and this would cause substantial disruption to its operations.

International argues that Hanover's business contacts are sufficient to warrant defending the suit in Arizona. In the alternative, International requests that the Southern District of California be named as the transferee court—the jurisdiction in which International's principal place of business exists.

This Court must review the availability of evidence located within Arizona and other factors relating to the convenience of the parties to determine if another district provides a more appropriate forum.

506

## A. Accessibility of Relevant Evidence

According to affidavits submitted by Hanover, there is no evidence located within the State of Arizona which would be used at a trial on this matter. There were no advertisements by Hanover in Arizona during 1988, no evidence that any 1988 sales were the result of an advertisement from Arizona (with the possible exception of one person) and only 56 of International's products have been found to have been shipped to Arizona. It appears, therefore, that the evidence that would be submitted on the issue as to when publication of Plaintiff's advertisement did occur, would be in the jurisdiction where the Defendant prepared its magazines or where information regarding this preparation took place.

## B. Convenience to the Defendant

Hanover has its principal place of business and is organized under the laws of the State of Pennsylvania. Hanover argues that all of its potential witnesses are located in Pennsylvania or New York and all of its records are outside Arizona. International is organized under the laws of the State of Arizona and has its principal place of business in California. International argues that any of Hanover's burdens resulting from the case remaining in Arizona would merely be shifted to it if the case were transferred to New York or Pennsylvania.

No matter where the case is heard, International will be required to transport its witnesses and records to another jurisdiction away from its "home turf". Therefore, the inconvenience to International to litigate in either New York or Pennsylvania will not be afforded the same weight as that which Hanover would suffer by litigating in Arizona. *General Instrument Corp. v. Mostek Corp.*, 417 F.Supp. 821, 823 (D.Del.1976).

■ At least two locations provide venue for the action—New York and Pennsylvania. Even if this Court were to find venue proper in Arizona, the availability of evidence and convenience to Hanover (and not International) are controlling for purposes of assigning this case to another district as the "locus of the claim". *Leroy v. Great Western United Corp.*, 443 U.S. at 185, 99 S.Ct. at 2717.

## IV. *Change of Venue*

This case may be transferred to another district if venue has not been found or for "the convenience of the parties and witnesses, [or] in the interest of justice". 28 U.S.C.A. § 1404(a) (1976). Hanover requests that the case be transferred to either the Middle District of Pennsylvania or the Southern District of New York. International requests that the matter be transferred to the Southern District of California. The following factors must be considered in deciding which district provides the more appropriate forum.

1. The Plaintiff's choice of forum;
2. The convenience of the parties;
3. The convenience of the witnesses; and
4. The interests of justice.

*Holder v. The Main Street Distributing, Inc.*, 2 U.S.P.Q.2d 1507 (D.Ariz.1987).

International's choice of forum will not lightly be disturbed and may prove significant if International's contacts with Arizona are significant. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968). International has its principal place of business in California and is organized in Arizona. However, International has submitted the affidavit of only one person who claims to have received inferior product from the Hanover advertisement. Hanover has questioned the location of the advertisement and alleged that no advertisements were made in Arizona during 1988.

■ The facts which show which forum provides greater convenience to the parties are discussed above. Pennsylvania and New York are more convenient for Hanover and each state appears to satisfy the weight of contacts test. There is insufficient evidence before the Court to determine whether venue may be found in California. Therefore, the case shall not be transferred to California as International requests.

The most critical factor to review is the convenience of the witnesses. *Los Angeles Memorial Coliseum v. National Football League*, 89 F.R.D. 497, 501 (C.D. Cal.1981). All of Defendant's witnesses are located in either Pennsylvania or New York. These witnesses will be critical to Hanover's defense regarding when publications were made, in what areas, what results were obtained from the advertisements and what actions were taken upon notification of Plaintiff's claims. International has submitted the affidavit of one person who claims to have ordered from Hanover and received a substitute product, using an order coupon of contested origin. International did not specify which witnesses it intended to call to support its claims nor the substance of the expected testimony. Understanding that this motion was made in the very early stages of this litigation, there must be greater information available to the Plaintiff to support its argument that litigating anywhere but Arizona or California is inconvenient.

The interests of justice would be better served if this case were heard in a jurisdiction where access to evidence is more readily available and where the Defendant has greater contacts. In this case, the more appropriate jurisdiction is the Middle District of Pennsylvania where Hanover is found and organized and maintains its principal place of business. Therefore,

IT IS ORDERED:

1. Defendant's Motion to Dismiss is Denied.

2. Defendant's Motion to Transfer is Granted.

3. This case shall be transferred to the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 1406(a).