**RHEE BROS, INC., Plaintiff,**

v.

**SEOUL SHIK POOM, INC., Defendant.**

**Civ. A. No. 94–0958(PLF).**

United States District Court, District of Columbia.

Nov. 30, 1994.

Vincent M. Amberly, Washington, DC, for plaintiff.

Jeffrey S. Rosen, Washington, DC, for defendant (Seth Natter, New York City, of counsel).

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

This is a civil action brought under the Lanham Act by Rhee Bros., Inc., a Maryland corporation having its principal place of business in Columbia, Maryland. Rhee Bros. is in the business of producing oriental food products and distributing them through the wholesale market to consumers and to retail food distributors such as supermarkets.

Plaintiff alleges that Defendant Seoul Shik Poom, Inc., a New York corporation that maintains its principal place of business in Flushing (Queens County), New York, has used trademarks and trade dress that are confusingly similar to Plaintiff's in connection with the distribution of hot chili paste, string seaweed and red pepper powder product. It alleges that, by marketing and selling substantially identical foods under the same trademarks as Plaintiff's, Defendant is infringing the use of Plaintiff's trademarks and trade dress and is engaging in unfair competition, false representation and false designation of origin, in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a). Plaintiff also alleges violations of the District of Columbia unfair competition law, proscribing unlawful trade practices and unfair competition. See 28 D.C.Code §§ 3904(s), (t); 22 D.C.Code § 1402.

Defendant has moved under Rules 12(b)(2) and (3), Fed.R.Civ.P., for dismissal of the complaint for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

Defendant argues that neither Plaintiff nor Defendant maintains a place of business in the District of Columbia; that Defendant maintains its sole place of business in Queens County, New York, which is a Korean population center; that Defendant maintains no offices and has no telephone listing or employees in the District of Columbia; that Defendant owns no real property in the District of Columbia; that Defendant is not licensed to do business in the District of Columbia; that 70% of Defendant's 1993 sales were to the New York metropolitan area; that it has only one customer in the District

of Columbia and that only 3.6% of Defendant's 1993 sales were to the District of Columbia; that, of the items accused of infringement, only 0.1% of Defendant's 1993 sales represented District of Columbia sales; that Defendant has identified nine potential witnesses whom it may call at any trial of this action, all of whom are located in the New York metropolitan area; and that all relevant documents are located in the New York metropolitan area.

Plaintiff responds that it has done business in the Washington area for over eighteen years; that Defendant is a wholesaler of Korean food products in the Washington, D.C., metropolitan area; that the Court should look to the Washington, D.C., metropolitan area and not just to the District of Columbia in determining the appropriateness of bringing suit in this Court; and that there have been numerous instances of consumer confusion during the past year, both in Washington, D.C., and in the District of Columbia metropolitan area, between products sold by Plaintiff and products distributed and sold by Defendant. Plaintiff says that all of its relevant documents and witnesses are in Columbia, Maryland, but does not identify any witnesses it would call at trial. Instead, it states that the evidence in Lanham Act cases like this one consists primarily of consumer surveys rather than live witnesses. While Plaintiff does not dispute Defendant's claim that only 3.6% of its 1993 sales were to the District of Columbia, it argues that Defendant has earned substantial revenues and has sold products giving rise to its claims in the District of Columbia. Plaintiff argues that this provides a sufficient connection with the District of Columbia for the Court to conclude that Defendant is "transacting business" here within the meaning of the District of Columbia long-arm statute, thus providing both jurisdiction under 13 D.C.Code § 423(a)(1) and venue in this Court under 28 U.S.C. § 1391(b).

■ The Court finds that the complaint sets forth sufficient factual allegations that Defendant is transacting business within the District of Columbia and that the claim arises, at least in part, from the transaction of such business here. While 3.6% of total sales may not be a large part of Defendant's business, the fact that it has some sales and at least one customer in the District of Columbia to whom it sells the Korean food products giving rise to Plaintiff's claims is sufficient to satisfy the "transacting business" clause of the long-arm statute. Accordingly, this Court has personal jurisdiction over Defendant under the District of Columbia long-arm statute. 13 D.C.Code § 423(a)(1); see Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200, 203–05 (D.C.Cir.1981); Dooley v. United Technologies Corp., 786 F.Supp. 65, 71 (D.D.C.1992).

■ The Court also finds that Defendant has purposely availed itself of the privilege of conducting business in the District of Columbia by seeking sales of and distributing its goods in the District of Columbia. The Court therefore concludes that Defendant has sufficient minimum contacts with the District of Columbia to satisfy due process of law. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d at 205; see also International Shoe Co. v. Washington, 326 U.S. 310, 319–21, 66 S.Ct. 154, 159–61, 90 L.Ed. 95 (1945); First Chicago International v. United Exchange Co. Ltd., 836 F.2d 1375, 1378 (D.C.Cir.1988).

Furthermore, as a corporation, Defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Jurisdiction having been found under the long-arm statute, this district is an appropriate venue for this lawsuit under 28 U.S.C. § 1391(b).

■ The alternative motion to transfer this case to the United States District Court for the Eastern District of New York is quite a different matter. Under 28 U.S.C. § 1404(a), the Court may transfer any civil action to any other district where it might have been brought for "the convenience of parties and witnesses" or "in the interest of justice." While the burden is on the moving party to demonstrate that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor," the Court has broad discretion to determine

where the proper balance lies. *Armco Steel Co., L.P. v. CSX Corp.,* 790 F.Supp. 311, 323 (D.D.C.1991), (quoting *Consolidated Metal Products, Inc. v. American Petroleum Institute,* 569 F.Supp. 773, 774 (D.D.C.1983)). In determining whether a case should be transferred under Section 1404(a), the Court may consider the following factors:

[T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and transferor courts; and other practical aspect of expeditiously and conveniently conducting a trial.

*Armco Steel, Co., L.P. v. CSX Corp.,* 790 F.Supp. at 323, (quoting *SEC v. Page Airways, Inc.,* 464 F.Supp. 461, 463 (D.D.C. 1978)).

■ The most critical factor to examine under 28 U.S.C. § 1404(a) is the convenience of the witnesses. *International Comfort Products, Inc. v. Hanover House Industries, Inc.,* 739 F.Supp. 503, 507 (D.Ariz.1989). A review of the potential witnesses in this case demonstrates that the lawsuit belongs in the United States District Court for the Eastern District of New York rather than in this Court. Plaintiff has not specifically identified any witnesses it might call and has not claimed that any potential witnesses are located in the District of Columbia. Presumably it will rely on one or more corporate officials over whom it has control, and they are located in Columbia, Maryland. Furthermore, Plaintiff has advised the Court that it will rely primarily on a consumer survey, which it concedes easily can be introduced in any court. On the other hand, Defendant has identified nine, apparently relevant, non-party witnesses, all of whom are located in the Eastern District of New York or within twenty miles of the federal courthouse there. It clearly is more convenient for such individuals to appear at court in the Eastern District of New York than in the District of Columbia.

A related factor is the availability of compulsory process to compel the attendance of the nine non-party witnesses identified by Defendant. These non-party witnesses all reside in New York. While Plaintiff has volunteered to cooperate by taking depositions in New York, Plaintiff's cooperation in that respect does not provide any assurance that Defendant's nine non-party witnesses would be available to testify at the time of trial. This Court's subpoena power does not extend so far as to permit the Court to compel them to appear on Defendant's behalf at trial if this action were to remain pending in the District of Columbia. *See* Rule 45(b)(2), Fed.R.Civ.P. They are, however, within the subpoena power of the United States District Court for the Eastern District of New York under Rule 45(b)(2), Fed. R.Civ.P. For the convenience of witnesses, and particularly in view of their amenability to compulsory process in New York, the Court in its discretion finds it appropriate to transfer this case to the United States District Court for the Eastern District of New York. *See Salman v. Clemson University,* 21 USPQ 2d 1798, 1991 WL 285291 (D.D.C. 1991).

With respect to other sources of proof, neither Defendant's records nor Plaintiff's records are located in the District of Columbia. Indeed, Defendant has asserted (and Plaintiff has not contested) that all of Defendant's business records, as well as all of the records of its potential witnesses, are located in or easily accessible in the Eastern District of New York. There would be virtually no or nominal expenses involved in obtaining such documents from both willing and unwilling witnesses.

For all of these reasons, the Court concludes that the interest of justice would be better served if this action were transferred to the United States District Court for the Eastern District of New York. That court will have easier access to the sources of proof, given the proximity of witnesses (and their amenability to that court's subpoena power), documents and other evidence. *Islamic Republic of Iran v. Boeing Co.,* 477 F.Supp. 142, 144 (D.D.C.1979). In addition, the Defendant has greater contacts there, the Plaintiff is in the process of establishing significant contacts there and, while both

Plaintiff and Defendant transact business here, Defendant has limited contacts with the District of Columbia. Accordingly, it is hereby

ORDERED that the Defendant's motion to dismiss for lack of personal jurisdiction is DENIED; it is

FURTHER ORDERED that Defendant's motion to transfer is GRANTED and this action shall be transferred to the United States District Court for the Eastern District of New York; and it is

FURTHER ORDERED that the Clerk of the Court shall transfer all papers in this proceeding, together with a certified copy of this Memorandum Opinion and Order, to the United States District Court for the Eastern District of New York.

SO ORDERED.