**Yun Ja CHUNG, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant.**

**Civ. A. No. 95–0496 (PLF).**

United States District Court, District of Columbia.

Oct. 31, 1995.

**162**

Robert David Sokolove/Susan M. Kayser, Sokolove & Associates, Bethesda, MD, for plaintiff.

James Arthur Hourihan/Michael Laurence Kidney, Hogan & Hartson, Washington, DC, for Chrysler Corp.

William Eric O'Brian, Jr., Ross, Dixon & Masback, Washington, DC, for Seth & Philip Bravin.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

On or about March 25, 1993, three Gallaudet University students traveled to Cancun, Mexico on spring break from their Washington, D.C. campus. They were Julia Chung, a resident and domiciliary of Hawaii, Brian Leffler, a resident and domiciliary of North Tonawanda (Niagara County), New York, and Seth Bravin, a domiciliary of Westchester County, New York.[1] While in Mexico, Seth Bravin rented a Chrysler Jeep Wrangler from the Bermuda Group, doing business as American International Rent-A-Car. During their drive through the Yucatan, Seth Bravin was driving, Brian Leffler was sitting in the seat next to him and Julia Chung was

sitting in the rear seat. According to the complaint, Seth Bravin pulled a sweater over his head while Brian Leffler held the steering wheel. The jeep overturned, Julia Chung was thrown from the jeep, and she died from a skull fracture.

The decedent's mother, Yun Ja Chung, brought suit, on her own behalf and as Personal Representative of her daughter's estate, against Bravin, Leffler, Chrysler Corporation and the Bermuda Group. Plaintiff has been unable to serve the Bermuda Group, and American International Rent–A–Car has been in bankruptcy proceedings since October 1991. Plaintiff has represented to the Court that she has abandoned her efforts to serve the Bermuda Group. On September 14, 1995, plaintiff filed with this Court a stipulation of dismissal, dismissing defendants Seth Bravin and Brian Leffler with whom she has reached a settlement.

■ The remaining defendant, Chrysler Corporation, previously filed a motion to dismiss for improper venue. It appears to the Court that Chrysler is amenable to suit both in the District of Columbia and in the State of New York and that, with the other defendants dismissed, venue is proper in either jurisdiction. Chrysler Corporation's motion to dismiss for improper venue therefore is denied.[2]

Chrysler now has moved to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of New York. It argues that the two most important witnesses in the case, Seth Bravin and Brian Leffler, reside in the State of New York, while there is not even a single resident of the District of Columbia who has been identified as a potential witness. It argues that these essential witnesses will be beyond the subpoena power of this Court at the time of trial if the case is tried here. In addition, it points out that the only connection between plaintiff, a resident of Hawaii, the accident, which occurred in Mexico, and the District of Columbia is the happenstance that Julia Chung, Seth Bravin and Brian

---

**1.** Bravin, still a student at Gallaudet, states in a recent affidavit that he "resides," at least temporarily, in the District of Columbia.

**2.** Chrysler has conceded that it is amenable to suit and to service of process in New York State.

Leffler were students at Gallaudet University at the time of the accident. While plaintiff has submitted an affidavit of Seth Bravin, dated September 6, 1995, stating that he is a full-time student at Gallaudet University, "currently residing in Washington, D.C. with the intent to remain in D.C. at least the next nine months," defendant notes that the trial in this case will not take place within nine months.

Plaintiff responds to the transfer motion by arguing that this case could not initially have been brought in the United States District Court for the Western District of New York because the Bermuda Group was a named defendant and was not a resident of New York. In addition, plaintiff argues that other factors weigh strongly in favor of maintaining venue in the District of Columbia. She relies on the fact that Seth Bravin is currently a student at Gallaudet University and that Brian Leffler will probably be a cooperative witness, willing to attend a trial in the District of Columbia. Plaintiff maintains that the defendant has offered no evidence supporting its need for compulsory process for Bravin or Leffler and suggests that the two of them will testify voluntarily.

■ 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first question therefore is whether this action "might have been brought" in the United States District Court for the Western District of New York. Plaintiff argues that it could not have been brought in that district because the Bermuda Group was not a resident of New York at the time the lawsuit was initiated. The Court agrees with defendant, however, that plaintiff cannot defeat venue in the Western District of New York merely because it originally named the Bermuda Group as a defendant, since plaintiff, despite her best efforts, has been unable to serve the Bermuda Group. Never having gained jurisdiction over the Bermuda Group, the Court concludes that the Bermuda Group was never a properly-named defendant in this action and that the case against it should be dismissed. Thus,

the fact that the Bermuda Group was "listed as [a] defendant [ ] on the complaint gave [it] no status as [a] part[y] which should bar a transfer of the action." *Philip Carey Manufacturing Co. v. Taylor,* 286 F.2d 782, 785 (6th Cir.1961).

Judge Hogan confronted a similar situation in *Piekarski v. Home Owners Savings Bank,* 743 F.Supp. 38 (D.D.C.1990). After discussing the Supreme Court's seminal decision on transfer under 28 U.S.C. § 1404(a), *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), Judge Hogan noted that "changes in the parties to a suit have been considered relevant in deciding a motion to transfer...." *Piekarski v. Home Owners Savings Bank,* 743 F.Supp. at 43. He concluded that under *Hoffman* and its progeny, "the Court cannot blindly consider the case as it was at the time it was filed in reaching its decision, without considering the dismissal or substitution of parties or the effect of statutory changes." *Id.* The Bermuda Group's dismissal as a defendant constitutes such a relevant change in the parties. Similarly, the Third Circuit has permitted a transfer where, as a result of a settlement, "the defendants as to whom venue in the [transferee] district would have been improper were no longer parties at the time of the transfer." *In re Fine Paper Antitrust Litigation,* 685 F.2d 810, 819 (3d Cir.1982). The requisites of Section 1404(a) thus are satisfied in this case because "at the time of the transfer ..., the action 'might have been brought' in the [Western] District [of New York] as to all of the parties remaining in the case." *Id.* The Court concludes that it has full authority under Section 1404(a) to transfer this case to the United States District Court for the Western District of New York should it so choose.

■ The Court may consider the following factors in determining whether a case should be transferred under Section 1404(a):

[T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and

transferor courts; and other practical aspect [sic] of expeditiously and conveniently conducting a trial.

*Armco Steel Co., L.P. v. CSX Corp.,* 790 F.Supp. 311, 323 (D.D.C.1991) (quoting *SEC v. Page Airways, Inc.,* 464 F.Supp. 461, 463 (D.D.C.1978)). While the burden is on the moving party to demonstrate that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor," the Court has broad discretion to determine where the proper balance lies. *Armco Steel Co., L.P. v. CSX Corp.,* 790 F.Supp. at 323 (quoting *Consolidated Metal Products, Inc. v. American Petroleum Institute,* 569 F.Supp. 773, 774 (D.D.C.1983)).

■ The most critical factor to examine under 28 U.S.C. § 1404(a) is the convenience of the witnesses. *International Comfort Products, Inc. v. Hanover House Industries, Inc.,* 739 F.Supp. 503, 507 (D.Ariz.1989). A review of the potential witnesses in this case demonstrates that the lawsuit belongs in the United States District Court for the Western District of New York rather than in this Court.

■ Plaintiff has no connection with the District of Columbia, other than the fact that Julia Chung attended school here, and has not identified any witnesses she might call who have a connection with the District of Columbia, other than Seth Bravin who will only be here until the end of the school year. Nor has she claimed that any potential witnesses other than Bravin are located here. On the other hand, defendant has identified as the two most important witnesses Seth Bravin and Brian Leffler. Leffler has returned home to North Tonawanda, New York, since this lawsuit was filed. He works at St. Mary's School for the Deaf in Buffalo, New York, where the United States District Court for the Western District of New York is located. It clearly is more convenient for Mr. Leffler, who lives in North Tonawanda, Niagara County, New York, to appear in court in the United States District Court for the Western District of New York than in the District of Columbia.[3]

The affidavit submitted by Seth Bravin states that Bravin will only be in the District of Columbia for the next nine months. Through his counsel, he has indicated that he is presently unwilling to stipulate that he will voluntarily travel to Washington, D.C., for the trial of this action if he is located beyond the subpoena power of the Court at the time the trial takes place. The joint praecipe filed with this Court by the parties on October 24, 1995 contains a proposed scheduling order in which the parties suggest that discovery in this case not close until September 23, 1996, and that dispositive motions will not be ripe for decision until October 30, 1996. Even if the Court could schedule trial within sixty days thereafter, Mr. Bravin will no longer be present in the District of Columbia. Since Mr. Bravin is a domiciliary of Westchester County, New York, and the law presumes that he will return there unless he expresses a contrary intent, *see Sivalls v. United States,* 205 F.2d 444, 446 (5th Cir.1953); *Linville v. Price,* 572 F.Supp. 345, 347 (S.D.W.Va.1983), the Court concludes that it would be more convenient for Mr. Bravin to travel across the State of New York from Westchester County, New York, to Buffalo, New York, than to come to the District of Columbia.

■ An important related factor is the availability of compulsory process to compel the attendance of the two crucial witnesses identified by defendant. As noted, these two witnesses both reside in New York State, far beyond the 100–mile limit of the subpoena power of this Court. *See* Rule 45(b)(2), Fed. R.Civ.P. Leffler is, however, within the subpoena power of the United States District Court for the Western District of New York under Rule 45(b)(2), Fed.R.Civ.P., since he resides in that district. As for Bravin, Rule 45(b)(2) permits a trial subpoena to be served on a non-party witness "at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction ... sitting in the place of the ... trial...." The purpose of that section of the Rule is to "make the reach of a subpoena of a district

---

**3.** The Court takes judicial notice that one can easily drive from North Tonawanda to the United States Courthouse in downtown Buffalo in 30 minutes.

court at least as extensive as that of the state courts of general jurisdiction in the state in which the district court is held." Advisory Committee Notes to 1980 and 1991 Amendments to Rule 45. *See Vipond v. Consolidated Rail Corp.*, Civil Action No. 94–2147, 1994 WL 534808 (E.D.Pa. Sept. 26, 1994) (federal district court looks to pertinent state statute governing state court subpoenas to determine scope of federal court's subpoena power). New York law provides for statewide service, *see* N.Y. CONST. art 6, § 1(c); N.Y. Judiciary Law § 2–b (McKinney 1983 & Supp.1995); N.Y.CIV.PRAC. L. & R. 308, 2303 (McKinney 1994), thus bringing Bravin within the subpoena power of the U.S. District Court for the Western District of New York under Rule 45(b)(2).

Rule 45 also provides that even where a non-party witness may be required to travel more than 100 miles from his or her residence, and even in the absence of a state statute like that contained in section 2–b of New York's Judiciary Law, "such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held." Rule 45(c)(3)(A)(ii), Fed.R.Civ.P. "Under the revised rule, a federal court can compel a witness to come from any place in the state to attend trial, whether or not the local state law so provides." Advisory Committee Note to 1991 Amendments to Rule 45. *See* 9 WRIGHT & MILLER, PRACTICE AND PROCEDURE § 2451 (1994 Supp.) (purpose of Rule 45 as amended is "to enable the court to compel a witness found within the state in which the court sits to attend trial"); David D. Siegel, *Federal Subpoena Practice Under The New Rule 45 of the Federal Rules of Civil Procedure*, 139 F.R.D. 197, 210, 215 (1992). Thus, Rule 45 provides two avenues to compel Seth Bravin's appearance at trial in the Western District of New York and none to compel his appearance in the District of Columbia.

The Court concludes that the interest of justice would be better served if this action were transferred to the Western District of New York given the residence and domicile of the two key witnesses and their amenability to that court's subpoena power. *See Islamic Republic of Iran v. Boeing Co.*, 477 F.Supp. 142, 143–44 (D.D.C.1979). The plaintiff is not prejudiced by such a transfer since she resides in Hawaii and the accident occurred in Mexico. There is a complete absence of any connection between plaintiff's claims and the District of Columbia. "In weighing claims of convenience, the Court recognizes the diminished consideration accorded to a plaintiff's choice of forum where, as here, that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter." *Id.* at 145. "In fact, the Court can think of no reason to keep the case here." *Piekarski v. Home Owners Savings Bank,* 743 F.Supp. at 44. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss for improper venue is DENIED; it is

FURTHER ORDERED that defendant Bermuda Group is DISMISSED from this case; and it is

FURTHER ORDERED that defendant's motion to transfer the action pursuant to 28 U.S.C. § 1404(a) is GRANTED, and that this action shall be transferred to the United States District Court for the Western District of New York; and it is

FURTHER ORDERED that the Clerk of the Court shall transfer all papers in this proceeding, together with a certified copy of this Memorandum Opinion and Order, to the United States District Court for the Western District of New York.

SO ORDERED.