Howard L. BOERS, et al. Plaintiffs,

v.

UNITED STATES of America, Defendant.

Nos. 00–1297 (RMU), 00–2010 (RMU), 00–2536 (RMU).

United States District Court, District of Columbia.

Jan. 8, 2001.

Howard L. Boers, Buckeye, AZ, pro se.

Donna M. Boers, Buckeye, AZ, pro se.

Michael S. Boers, Buckeye, AZ, pro se.

Dana R. Boers, Buckeye, AZ, pro se.

Lisa Barsoomian, U.S. Attorney's Office, Washington, DC, for U.S.

### MEMORANDUM OPINION

URBINA, District Judge.

### TRANSFERRING THE ABOVE–CAPTIONED ACTIONS TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

#### I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss. *Pro se* plaintiffs Howard L. Boers, Donna M. Boers, Michael S. Boers, and Dana Rae Boers bring this action against the defendant for destruction of records in violation of the Privacy Act of 1974, 5 U.S.C. § 552(a). The complaint alleges that the defendants unlawfully destroyed a 1987

foreclosure record. The defendant filed a motion to dismiss under Federal Rule of Civil Procedure 8(a), arguing that the complaint fails to meet the pleading requirements, fails to adequately put the defendant on notice of the claims against it, and fails to allow the defendant to determine whether *res judicata* applies. The court concludes that, pursuant to Title 28 U.S.C. § 1404(a), it is in the interest of justice to transfer the above-captioned cases to the United States District Court for the District of Arizona.

## II. BACKGROUND

The underlying events forming the basis of this case occurred entirely in Arizona. In 1980, the plaintiffs, Howard, Donna, Michael, and Dana Boers, applied for and received a Farmers Home Administration ("FmHA") loan to purchase property in Maricopa County, Arizona for a dairy farm and ranch. The plaintiffs' farming operation failed, and the FmHA foreclosed on the plaintiffs' farm in January 1987. The plaintiffs were able to partially repurchase their land, and subsequently filed several lawsuits against the United States for negligence, Privacy Act violations, and civil rights violations. In a previous action, the Ninth Circuit made reference to the 1987 foreclosure on the Boers's land. *See Boers v. U.S.*, 24 F.3d 244, 1994 WL 161695 (9th Cir.1994). The *pro se* plaintiffs now claim that the defendant has destroyed or is withholding this foreclosure record.

## III. DISCUSSION

Under Title 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Public Serv. Comm'n for New York v. FPC*, 472 F.2d 1270, 1272 (D.C.Cir. 1972); *Rhee Bros., Inc. v. Seoul Shik Poom, Inc.*, 869 F.Supp. 31, 33 (D.D.C. 1994). To transfer an action, venue must

be proper in the transferee district. The basic venue statute provides that venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred...." *See* 28 U.S.C. § 1391(a)(2).

In considering whether transfer is proper, the court considers several factors, such as;

[T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C.1978). District Courts have a "local interest in deciding local controversies at home." *Trout Unlimited v. U.S. Dep't of Agriculture*, 944 F.Supp. 13, 16 (D.D.C.1996). Furthermore, even though a court should typically give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Applying this standard to this case, the court holds that venue is proper in the District of Arizona. All the operative facts occurred in Arizona. The foreclosure action that is the subject of the lawsuit took place in Arizona. The land that was the subject of the foreclosure is also located in Arizona. Though the plaintiffs wish to litigate in the District of Columbia, it cannot be said that forcing a plaintiff to litigate in his home district will prejudice or burden the plaintiff in any way. *See Colortyme Financial Services v. Kivalina Corp.*, 940 F.Supp. 269 (D.Hawai'i 1996) (holding that there could be no argument that it would be inconvenient for a Texas

citizen to litigate in Texas). Undoubtedly, the plaintiffs could have brought these cases in the District of Arizona. *See* 28 U.S.C. § 1404(a). Moreover, it would almost certainly be more convenient for the parties (especially the *pro se* plaintiffs) to litigate in Arizona, rather than in Washington, D.C. *See id.*

In short, the District of Columbia has no apparent connection to this case, aside from the fact that it is the capital of the United States. Thus, given these facts, the court concludes that it is in the interest of justice and far more convenient for the parties to litigate their disputes in the United States District Court for the District of Arizona. Accordingly, the court will transfer the above-captioned actions to that district.

### IV. CONCLUSION

For all of these reasons, the actions will be transferred to the United States District Court for the District of Arizona. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 8 day of January, 2001.