**Veralee LIBAN, Plaintiff,**

**v.**

**CHURCHEY GROUP II, L.L.C. et al., Defendants.**

**No. CIV.A. 03–0242(RMU).**

United States District Court, District of Columbia.

Feb. 26, 2004.

Emily B. Goldberg, The Washington Lawyers' Committee for Civil Rights and Affairs, Reed Colfax, Washington Lawyers' Committee for Civil Rights and Urba Affairs, Washington, DC, for Plaintiff.

Jo C. Bennett, McDaniel, Bennett & Griffin, Baltimore, MD, for Defendants.

*MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING THE DEFENDANTS' MOTION TO TRANSFER

## I. INTRODUCTION

This case comes before the court on the defendants' motion to transfer. The plaintiff alleges that the defendants discriminated against her due to her familial status in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*, as well as the District of Columbia Human Rights Act ("DCHRA"), D.C.Code Ann. §§ 2–1401 *et seq.* Because the plaintiff originally could have brought her case in the proposed transferee forum and the considerations of convenience and the interest of justice weigh in favor of transfer, the court grants the defendants' motion.

## II. BACKGROUND

### A. Factual Background

Defendant Churchey Group II, L.L.C. ("the Churchey Group") is a real-estate development, marketing and management company, incorporated in Maryland. Compl. ¶ 5. One of the Churchey Group's properties is Greenwich Village, a development of new, single-family homes in Hagerstown, Maryland. *Id.* In July of 2002, the plaintiff, a Maryland resident and the mother of three children, read the defendants' advertisement in the Washington Post, which stated that Greenwich Village consisted of "Gracious Homes for the Empty Nester." *Id.* ¶¶ 4, 9–10. The plaintiff also accessed the Greenwich Park website, which displayed the same statement. *Id.* ¶ 11.

On July 18, 2002 the plaintiff and her children traveled to Greenwich Park to inquire about available homes. *Id.* ¶ 12. At Greenwich Park, the plaintiff alleges that defendant Tricia Churchey ("Churchey"), the sales manager and a principal of the Churchey Group, told the plaintiff that Greenwich Park was designed for "empty nesters." The plaintiff claims that Churchey further explained that an "empty nester" was a person who did not have children or whose children no longer lived at home, and that Greenwich Park was not well-suited to families with children. *Id.* ¶ 13. The plaintiff alleges that Churchey then explained that the vision for Greenwich Park was that of a retirement community for seniors and couples who no longer had children living at home. *Id.* The plaintiff claims that Churchey then showed her model home to the plaintiff, reiterating throughout the tour that Greenwich Park was intended to be a retirement community and that there would be no place in Greenwich Park for the plaintiff's children to play. *Id.* ¶ 18. The next day, the plaintiff called Churchey with some follow-up questions regarding the purchase of a lot in Greenwich Park. *Id* ¶ 22. The plaintiff claims that Churchey did not know the answers to any of her questions, and that Churchey did not offer to obtain the information for the plaintiff. *Id.*

### B. Procedural History

On February 13, 2003, the plaintiff filed suit in this court, alleging violations of the FHA and the DCHRA. On March 7, 2003 the defendants filed a motion to dismiss or, in the alternative, to transfer the action to

the District of Maryland. The court now turns to that motion.

## III. ANALYSIS [1]

### A. Legal Standard for Venue and Transfer to Another District

■ When federal jurisdiction is premised on a federal question, 28 U.S.C. § 1391(b) controls venue, establishing three places where venue is proper:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

■ Section 1404(a) authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice [.]" 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't. of Agric.*, 944 F.Supp. 13, 16 (D.D.C.1996).

■ Accordingly, the defendants must make two showings to justify transfer. First, the defendants must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622, 84 S.Ct. 805. Second, the defendants must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that court. *Trout Unlimited*, 944 F.Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public interest factors. *Stewart Org.*, 487 U.S. at 29, 108 S.Ct. 2239. The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F.Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d. Cir.1995); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F.Supp. 1125, 1129 (N.D.Ill.1989); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FED. PRAC. & PROC. § 3848 at 385 (2d ed.1986)). The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

---

1. Generally, a court should decide questions of personal jurisdiction before questions of venue. *Cameron v. Thornburgh*, 983 F.2d 253, 257 n. 3 (D.C.Cir.1993) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)). Where a

"sound prudential justification" exists, a court may consider venue without deciding the question of personal jurisdiction. *Id.* Accordingly, because "it provides an easier resolution of the case," the court focuses first on the question of venue. *Id.*

## B. The Court Grants the Defendants' Motion to Transfer the Action to the District of Maryland

The defendants argue that the interest of justice favors transfer to the District of Maryland because all of parties are Maryland residents, the Churchey Group is incorporated in Maryland, the housing development at issue is located in Maryland, almost all the complained of actions by the defendants occurred in Maryland, and documentary evidence and witnesses are in Maryland. Defs.' Mot. at 13. The plaintiff counters by first pointing out that the defendants reside in Hagerstown, Maryland, which is closer to the District of Columbia than to the federal district court in Baltimore. Pl.'s Opp'n at 22 Second, the plaintiff notes that she works in the District of Columbia, resides near the District of Columbia border and has retained counsel from the District of Columbia. *Id.* Finally, the plaintiff argues that the District of Columbia has a significant interest in preventing future housing discrimination from occurring in the District. *Id.*

### 1. Venue is Proper in the District of Columbia

■ As a threshold matter, the parties disagree as to whether venue is proper in the District of Columbia. The defendants claim that venue is improper in the District of Columbia because a substantial part of the events or omissions giving rise to the claim took place in Maryland. Specifically, the defendants state that the plaintiff was in her home in Maryland when she read the allegedly discriminatory advertisement in the Washington Post, accessed the Greenwich Park website; and she telephoned Churchey. Def.'s Mot. at 12. Further, the defendants state that the housing development at issue is in Maryland and that all communications that occurred between the plaintiff and Churchey took place in Maryland. *Id.* Predictably,

the plaintiff asserts that a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia. Pl.'s Opp'n at 21. In support of this argument, the plaintiff contradicts the defendants and claims that she read the allegedly discriminatory advertisement, accessed the Greenwich Park website and placed the telephone call to Churchey from her office in the District of Columbia. *Id.*

The court concludes that venue is proper in the District of Columbia under § 1391(b)(2). By placing an advertisement in the Washington Post, the defendants targeted their marketing and advertising efforts to the District of Columbia. *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 323 (D.C.2000). Indeed, many courts have held that venue under § 1391(b)(2) is proper in a district where a defendant has targeted advertising efforts. *Cf. Wireless Consumers Alliance, Inc. v. T–Mobile USA, Inc.*, 2003 WL 22387598, at *3 (N.D.Cal. Oct.14, 2003) (holding in an unlawful business practices action that venue was proper in a district where the defendant carried out advertising practices); *G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.*, 1998 WL 78292, at *2 (S.D.N.Y. Feb.24, 1998) (stating that in the trademark infringement context, venue is proper where the defendant targeted its marketing and advertising efforts); *Berger Instruments, Inc. v. Northwest Instruments, Inc.*, 1997 WL 159377, at *5 (N.D.Ill. Mar. 28, 1997) (holding in an intentional interference with business relationships action that venue was proper in a district where the defendant advertised).

### 2. Venue Also is Proper In Maryland

■ The fact that venue is proper in the District of Columbia, however, does not end the court's analysis. As noted, 28 U.S.C. 1404(a) authorizes the court to transfer the action to any district in which

the plaintiff could have brought the action if convenience and the interest of justice weigh in favor of transfer. 28 U.S.C. 1404(a); *see also Mgmt. Info. Techs., Inc. v. Alyeska Pipeline Serv. Co., Inc.*, 1993 WL 219257, at *2 (D.D.C. July 7, 1993) (recognizing that venue may be proper in more than one district). Further, venue is proper in any district where any defendant resides, if all defendants reside in the same state. 28 U.S.C. § 1391(b). It is undisputed that Churchey is a resident of Maryland. Compl. ¶ 6; Defs.' Mot. at 3. Because the Churchey Group is a corporation, it is a resident of Maryland if it is subject to personal jurisdiction in Maryland.[2] 28 U.S.C. § 1391(c). A court has personal jurisdiction over corporate defendants who purposely avail themselves of the privileges of conducting business in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). It is also undisputed that the Churchey Group builds and sells homes in Maryland. Compl. ¶ 5; Defs.' Mot. at 3. Because the Churchey Group conducts business in Maryland, the state has personal jurisdiction over it. *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174. Since Churchey and the Churchey Group are both residents of Maryland, the court determines that venue is also proper in Maryland. 28 U.S.C. § 1931(b).

### 3. The Balance of Private and Public Interests Weighs in Favor of Transfer

■ Because the court has concluded that the plaintiff originally could have brought suit in Maryland, the court must now address whether the defendants have shown that the balance of private and public-interest factors weighs in favor of transfer to that forum. *Van Dusen*, 376 U.S. at 613, 84 S.Ct. 805; *Trout Unlimited*, 944 F.Supp. at 16. The court determines that the defendants have met their burden.

#### a. Private–Interest Factors

In weighing the private-interest factors, the court takes into consideration: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F.Supp. at 16. In aggregate, these factors weigh in favor of transfer to the District of Maryland.

■ With regard to the first private-interest factor, courts generally must afford substantial deference to the plaintiff's choice of forum. *Greater Yellowstone Coalition v. Bosworth*, 180 F.Supp.2d 124, 128 (D.D.C.2001). But this deference is

---

**2.** This court has previously recognized that an L.L.C., or limited liability company, does not fall under the corporate-citizenship rule. *Johnson–Brown v. 2200 M St.*, 257 F.Supp.2d 175, 176 (D.D.C.2003). Rather, an L.L.C. is analogous to a partnership, which carries the citizenship of its members. *Id.* All of the parties, however, state that the Churchey Group is incorporated in Maryland. Compl. ¶ 5; Defs.' Mot. at 13. Because neither party contests the characterization of the Churchey Group as a corporation and there is no evidence in the record that indicates that the Churchey Group is not a corporation, the court analyzes personal jurisdiction for the Churchey Group as a corporation. The court notes that even if it turns out that the Churchey Group is not a corporation, but is a limited liability company, it is still subject to personal jurisdiction in Maryland because at least one of its principals, Tricia Churchey, is a resident of Maryland. *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 190, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (holding that an L.L.C resides wherever its members reside); *Milliken v. Meyer*, 311 U.S. 457, 463–464, 61 S.Ct. 339, 85 L.Ed. 278 (1940) (explaining that a defendant's domicile in a state gives rise to his amenability to suit within the state).

weakened when the plaintiff is not a resident of the chosen forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). This deference is further mitigated if a plaintiff's choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter." *Wilderness Soc'y v. Babbitt*, 104 F.Supp.2d. 10, 13 (D.D.C.2000); *Airport Working Group of Orange County, Inc. v. Dep't of Defense*, 226 F.Supp.2d 227, 231 (D.D.C.2002) (noting that when the connection between the controversy, the plaintiff, and the chosen forum is attenuated, the court gives less deference to the plaintiff's choice of forum).

Although the plaintiff's viewing of the advertisement, and telephone call to Churchey allowed the court to conclude that venue is proper in the District of Columbia, the court determines that the plaintiff's choice of forum merits little deference for the purposes of the transfer analysis. *Id.* First, the plaintiff is a resident of Maryland. Compl. ¶ 4. Second, all of the defendants reside or are incorporated in Maryland. *Id.* ¶¶ 5–6. Third, all of the alleged discriminatory statements by Churchey took place in Maryland. Compl. ¶¶ 12–21. Fourth, the Churchey Group maintained its website in Maryland. Def.'s Mot. at 3. Consequently, the court concludes that the plaintiff's claim does not have meaningful ties to the District of Columbia. *Wilderness Soc'y*, 104 F.Supp.2d. at 13; *see also Nichols v. United States Bureau of Prisons*, 895 F.Supp. 6, 8 (D.D.C.1995) (granting transfer where the District of Columbia had virtually no connection to the action except for a telephone call).

 With regard to the second, fourth and fifth factor, the court notes that the District of Columbia and the District of Maryland are in close proximity, thereby minimizing any inconvenience to the parties and any witnesses. Accordingly, the court concludes that the defendants' choice of forum and the convenience of the witnesses or parties weigh neither for or against transfer. *Kafack v. Primerica Life Ins. Co.*, 934 F.Supp. 3, 7 (D.D.C. 1996) (concluding that transfer from the District of Columbia to Maryland would not cause inconvenience to the parties or witnesses). Additionally, "[t]he location of counsel carries little, if any, weight in an analysis under § 1404(a)." *Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48, 52 n. 7 (D.D.C.2000) (internal quotation omitted). Thus, the court is left with consideration of the third factor, where the claim arose, and the sixth factor, the ease of access to sources of proof.

With regard to where the claim arose, although the court has determined that the defendants' act of advertising in the Washington Post gave rise to venue in the District of Columbia, that fact does not preclude the court from determining that the claim arose in Maryland. *Trenwyth Indus., Inc. v. Burns & Russell Co.*, 701 F.Supp. 852, 856 (D.D.C.1988) (recognizing that a claim can "arise" in more than one venue). In this case, it is undisputed that part of the plaintiff's discrimination claim stemmed from her in-person conversation with Churchey that occurred at Greenwich Park in Maryland. Compl. ¶¶ 12–21; Defs.' Mot. at 12. Thus, the court concludes that the plaintiff's claim also arose in Maryland. *Evans v. Merck & Co.*, 2002 WL 89622, at *3 (E.D.Pa. Jan.23, 2002) (stating that for 1404(a) transfer purposes, a claim for discrimination arises where the alleged discriminatory acts took place).

Finally, regarding the last factor of access to sources of proof, because all of the parties are located in Maryland, the defendants maintained Greenwich Park's website in Maryland, and Greenwich Park's

management office is located in Maryland, documentary evidence regarding discrimination by the defendants is in Maryland. Compl. ¶¶ 4–6, 12; Defs.' Mot. at 13. Accordingly, the court concludes that the ease of access to sources of proof weighs in favor of transfer to Maryland.

On balance, the applicable private-interest considerations weigh in favor of transferring this case to the District of Maryland. The court's transfer analysis is incomplete, however, without an evaluation of the public-interest factors. Thus, the court moves on to consider that remaining group of factors.

### b. Public–Interest Factors

The court determines that the public-interest factors also weigh in favor of transfer. The public-interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts; and (3) the local interest in deciding local controversies at home. *Trout Unlimited,* 944 F.Supp. at 16.

The first factor is of little significance here because the plaintiff brings suit under the FHA, and "[a] transferee federal court is competent to decide federal issues correctly." *In re Korean Air Lines Disaster of Sept. 1, 1983,* 829 F.2d 1171, 1175 (D.C.Cir.1987). Further, the transferee court may exercise supplemental jurisdiction over the plaintiff's state-law claims. 28 U.S.C. § 1367. Second, the relative congestion of the transferor and transferee courts does not enter the court's analysis because the court has no reason to believe that the transferee court is more or less congested than this court, nor have the parties addressed this issue. Because neither of the first two public-interest factors affects the court's determination, the court determines the weight of the public-sector considerations by analyzing the local interest in deciding local controversies at home.

The court concludes that the discrimination charged in this case is a controversy local to Maryland and is a case in which Maryland residents have a greater interest than do the residents of the District of Columbia. The majority of the alleged discriminatory events, such as the conversations between the plaintiff and Churchey and the maintenance of the allegedly discriminatory website, occurred in Maryland. *McClamrock v. Eli Lilly & Co.,* 267 F.Supp.2d 33, 41–42 (D.D.C.2003) (concluding that when the defendant injured a North Carolina resident in North Carolina, the local interest was in North Carolina). Second, the alleged discrimination concerns a Maryland housing development discriminating against a Maryland resident. Maryland has a strong local interest in ensuring that discrimination does not occur in its housing market. *Bucyrus–Erie County v. Dep't of Indus., Labor & Human Relations,* 599 F.2d 205, 207 n. 1 (7th Cir.1979) (recognizing a state's strong local interest in preventing discrimination). In sum, as with the private-interest factors, the court determines that the public-interest factors also weigh in favor of transfer to the District of Maryland.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to transfer the case to the District of Maryland. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of February, 2004.