**Jeff SCHMIDT, Plaintiff,**

v.

**AMERICAN INSTITUTE OF PHYSICS, Defendant.**

**Civil Action No. 03–1691 (RMU).**

United States District Court, District of Columbia.

June 28, 2004.

---

Patricia G. Butler, Howrey, Simon, Arnold & White LLP, Washington, DC, for Plaintiff.

Teresa Burke Wright, Jackson Lewis LLP, Vienna, VA, for Defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

### Transferring the Action to the District of Maryland

### I. INTRODUCTION

Having been fired from his job, plaintiff Jeff Schmidt brings suit against his former employer, the American Institute of Physics ("AIP"), alleging breach of contract and other claims. In response, AIP moves to transfer the action to the District of Maryland. Because the plaintiff originally could have brought this case in the proposed transferee forum, and considerations of convenience and the interest of justice weigh in favor of transfer, the court grants AIP's motion and transfers the action to the District of Maryland.

### II. BACKGROUND

#### A. Factual Background

AIP is a not-for-profit corporation affiliated with the University of Maryland whose purpose is to promote the advancement of knowledge of physics. Compl. ¶ 4; Def.'s Mot. to Transfer ("Def.'s Mot.") at 2. AIP publishes scientific journals, including *Physics Today*. *Id.* Originally headquartered in New York, AIP now maintains its corporate offices and headquarters in College Park, Maryland, with an office in the District of Columbia. Compl. ¶ 3; Def.'s Mot. at 2 & Ex. 1 ("Braun Aff.") ¶ 2; Pl.'s Opp'n Attach. 1 ("First Schmidt Aff.") ¶ 22; Def.'s Supp. Br. Ex. 1 ("Benka Aff.") ¶ 5.

In 1981, the plaintiff began working for AIP as an editor for *Physics Today* at AIP's New York offices. Compl. ¶ 5; Def.'s Reply at 6. In 1993, when AIP moved its corporate offices to Maryland, the plaintiff moved to the District of Columbia and continued working for AIP at its Maryland office. First Schmidt Aff. ¶¶ 6–7; Def.'s Mot. at 3; Braun Aff. ¶ 12; Benka Aff. ¶ 5. The parties disagree as to the physical location where the plaintiff worked between 1997 and 2000. The plaintiff states that from 1997 until his discharge in 2000, he worked four days per week at home and the fifth day at the Maryland office. Pl.'s Opp'n at 4; First Schmidt Aff. ¶ 17. AIP maintains quite the reverse, indicating that during this period the plaintiff worked primarily in Maryland and from home "on an occasional basis, and solely for his own convenience." Def.'s Reply at 6.

In 2000, AIP discharged the plaintiff. Compl. ¶ 13; Def.'s Mot. at 3. According to the plaintiff, AIP first placed a gag order on the plaintiff, and then fired him for engaging in workplace activism and expressing views advocating more diversity and humane treatment in the workplace. Compl. ¶ 11; Pl.'s Opp'n at 2–3, 5. AIP, on the other hand, states that it discharged the plaintiff after he published a book in which he publicly proclaimed having "stolen" company time to write the book.

Def.'s Reply Ex. 1 ("Brodsky Aff.") ¶ 12. Subsequently, the plaintiff filed an administrative claim against AIP with the National Labor Relations Board ("NLRB"), apparently filing the claim at the NLRB office in the District of Columbia but receiving a written response from the NLRB office in Baltimore, Maryland. First Schmidt Aff. ¶ 26; Pl.'s Supp. Br. at 5; Brodsky Aff. ¶ 5 & Exs. A, B.

## B. Procedural History

In May 2003, the plaintiff filed suit in the Superior Court for the District of Columbia, alleging breach of contract, breach of oral contract, detrimental reliance, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress, and due-process and free-speech violations. Compl. ¶¶ 12–38. In August 2003, AIP removed the action to this court and thereafter moved to transfer the action to the District of Maryland. The court now turns to AIP's motion to transfer.

## III. ANALYSIS

### A. Legal Standard for Venue and Transfer to Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is not premised solely on diversity, 28 U.S.C. § 1391(b) controls venue, establishing that venue is proper in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer the action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't of Agric.*, 944 F.Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622, 84 S.Ct. 805. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*, 944 F.Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29, 108 S.Ct. 2239. The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that

the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited,* 944 F.Supp. at 16 (citing *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.,* 713 F.Supp. 1125, 1129 (N.D.Ill.1989); 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

### B. The Court Grants AIP's Motion to Transfer

In its motion, AIP argues that considerations of convenience and the interest of justice favor transfer to the District of Maryland. Def.'s Mot. at 1. AIP first asserts that venue is proper in Maryland but improper in the District of Columbia. *Id.* at 5–7. AIP then contends all of the events giving rise to this litigation occurred in Maryland, AIP's corporate offices are in Maryland, the plaintiff worked for AIP in Maryland, substantially all of the witnesses and relevant documents are in Maryland, and Maryland law will govern the plaintiff's common-law claims. *Id.* at 1, 3–9; Def.'s Reply at 3–12. The plaintiff, on the other hand, argues that venue is proper in the District of Columbia, and that considerations of convenience and the interest of justice support venue here because "many or most" of the events giving rise to this litigation occurred in the District of Columbia, the plaintiff worked and resides in the District of Columbia, and transferring to Maryland would inconven-

ience the plaintiff and his witnesses. Pl.'s Opp'n at 3–8.

### 1. The Plaintiffs Could Have Brought the Action in the District of Maryland

■ As noted, section 1404(a) authorizes the court to transfer the action to any district in which the plaintiff could have brought the action if convenience and the interest of justice weigh in favor of transfer. 28 U.S.C. § 1404(a); *see also Mgmt. Info. Techs., Inc., v. Alyeska Pipeline Service Co., Inc.,* 1993 WL 219257, at *2 (D.D.C. June 8, 1993) (recognizing that venue may be proper in more than one district). For corporate defendants, venue is proper in any district where the corporation "resides," which is defined as any district in which the corporation is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(b)-(c). A court has personal jurisdiction over a corporate defendant which purposely avails itself of the privileges of conducting business in the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■■ Here, it is undisputed that AIP is headquartered in Maryland and publishes *Physics Today* there. Compl. ¶ 3; Def.'s Mot. at 2; Benka Aff. ¶ 12. Because AIP avails itself of the privileges of conducting business in Maryland, it is subject to personal jurisdiction in Maryland. *Burger King,* 471 U.S. at 475, 105 S.Ct. 2174. In turn, because AIP is subject to personal jurisdiction in Maryland, it is deemed to "reside" in Maryland for purposes of the venue. 28 U.S.C. § 1391(c). The court therefore concludes that venue is proper in Maryland.[1] *Id.* § 1391(b).

---

1. For the same reason, and contrary to AIP's argument, venue also is proper in the District of Columbia. *E.g.,* Def.'s Mot. at 7 (asserting that "if Plaintiff originally had filed this ac-

tion in the United States District Court, District of Columbia, venue would have been improper"). Because AIP maintains an office and avails itself of the privilege of conducting

## 2. The Balance of Private and Public Interests Weighs in Favor of Transfer

Because the court concludes that the plaintiff originally could have brought this suit in Maryland, the court now addresses whether AIP has shown that the balance of private and public-interest factors weighs in favor of transfer to that forum. *Van Dusen*, 376 U.S. at 613, 84 S.Ct. 805; *Trout Unlimited*, 944 F.Supp. at 16. The court determines that AIP has met its burden.

### a. Private–Interest Factors

█ In weighing the private-interest factors, the court takes into consideration: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F.Supp. at 16. In aggregate, these factors weigh in favor of transfer to the District of Maryland.

█ With regard to the first factor, the court must afford some deference to the plaintiff's choice of forum. *Air Line Pilots Ass'n v. Eastern Air Lines*, 672 F.Supp. 525, 526 (D.D.C.1987). This deference is mitigated, however, where the plaintiff's choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter." *Chung v. Chrysler Corp.*, 903 F.Supp. 160, 165 (D.D.C.1995) (internal quotations omitted). AIP argues that the District of Columbia has no meaningful ties or interest in the case because all of the events giving rise to the litigation occurred in Maryland, not

the District of Columbia. Def.'s Mot. at 7. Specifically, AIP contends that it is located in Maryland, that the plaintiff worked at its Maryland office for the seven years prior to his discharge, that all of the material events occurred in Maryland, and that all pertinent documents are in Maryland. *Id.* In countering AIP's arguments, the plaintiff asserts that "many or most" of the events giving rise to this litigation occurred in the District of Columbia. Pl.'s Opp'n at 5. The plaintiff asserts that AIP assisted him in moving from New York and finding a home in the District of Columbia, that the plaintiff has lived here for the past ten years, that he works largely out of his home using a computer and software provided in part by AIP, that the "workplace activism" allegedly underlying his gag order and termination involving some meetings with co-workers in the District of Columbia, and that he filed his NLRB charge in the District of Columbia. *Id.* at 4–5.

The court concludes the District of Columbia lacks meaningful ties to the controversy, and thus affords little deference to the plaintiff's choice of forum. *Chung*, 903 F.Supp. at 165. As the plaintiff observes, this case "remains at its heart a breach-of-contract action." Pl.'s Opp'n at 3. AIP officials made the decision to discharge the plaintiff in Maryland, and communicated this decision to him while he was in Maryland. Def.'s Reply at 4; Def.'s Supp. Br. at 3–5; Benka Aff. ¶¶ 24–25. Thus, "the material events that constitute the factual predicate for the plaintiff's claims" occurred in Maryland. *Kafack v. Primerica Life Ins. Co.*, 934 F.Supp. 3, 6–7 (D.D.C.

business in the District of Columbia, it is subject to personal jurisdiction and thus "resides" here. 28 U.S.C. § 1391(c); *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174; Braun Aff. ¶ 11; Compl. ¶ 3. Accordingly, venue is proper in the District of Columbia. 28 U.S.C.

§ 1391(b). Indeed, the court notes that AIP brings its motion to transfer under 28 U.S.C. 1404(a), which "presupposes that the action has been brought in a proper venue." *Roll v. Tracor, Inc.*, 26 F.Supp.2d 482, 484 (W.D.N.Y. 1998) (internal quotations omitted).

1996) (finding no meaningful ties to the District of Columbia where "the material events that constitute the factual predicate for the plaintiff's claims" occurred in Maryland); *see also Islamic Republic of Iran v. Boeing Co.*, 477 F.Supp. 142, 144 (D.D.C.1979) (concluding that the District of Columbia had no meaningful ties to a pending controversy because "all operative facts giving rise to the litigation occurred elsewhere"). As for the plaintiff's residency in the District of Columbia, cases decided under section 1404(a) "have laid much less emphasis on this [residence] factor." *Id.* at 7. Accordingly, the court determines that deference to the plaintiff's choice of forum is not merited.[2] *Id.; Chung*, 903 F.Supp. at 165.

With regard to AIP's choice of forum, as illustrated above, a majority of material events occurred in Maryland. *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F.Supp.2d 66, 72 (D.D.C.1998) (analyzing the defendant's choice of forum in light of the "connections" between the "events underlying the plaintiff's action" and the proposed forum). Moreover, the fact that relevant documents, witnesses and AIP's corporate offices are in Maryland supports AIP's choice of forum. Def.'s Mot. at 7; *Wilderness Soc. v. Babbitt*, 104 F.Supp.2d 10, 15 (D.D.C.2000) (giving some weight to the defendant's choice of the District of Alaska because the defendant's employees, managers, and policy group members were in Alaska and the disputed policy was researched and drafted in Alaska). Thus, AIP's choice of forum leans in favor of

Maryland. *Wilderness Soc.*, 104 F.Supp.2d at 15.

Regarding the convenience of the parties, although the plaintiff states that he does not own a car, the court notes that the District of Columbia and the District of Maryland are in close proximity, thereby minimizing any inconvenience to the parties.[3] Pl.'s Opp'n at 7 (stating that the plaintiff travels exclusively by public transportation); Def.'s Reply at 11 (indicating that the Greenbelt, Maryland courthouse is one metro stop and a nine-minute bus ride away from the AIP office to which the plaintiff commuted for seven years); *Kafack*, 934 F.Supp. at 7 (noting Maryland's close proximity to the District of Columbia and the fact that "the courthouse in Greenbelt is ... within one mile of a Metro Station"). Accordingly, the court concludes that this factor weighs neither for nor against transfer. *Liban v. Churchey Group II, L.L.C.*, 305 F.Supp.2d 136, 142 (D.D.C.2004).

 As for the convenience of the witnesses, the court considers this factor "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Trout Unlimited*, 944 F.Supp. at 16. The close proximity of Maryland to the District of Columbia offers firm ground for concluding that a transfer to Maryland would not adversely affect the availability of witnesses. *Liban*, 305 F.Supp.2d at 142. AIP states that its witnesses are located in Maryland. Def.'s Mot. at 7. The plaintiff maintains that he plans to call witnesses from Virginia and

---

**2.** For similar reasons, the third factor—whether the claim arose elsewhere—weighs in favor of transfer. *Berenson v. Nat'l Fin. Servs., LLC*, 319 F.Supp.2d 1, 2, 2004 WL 1119964, at *3 (D.D.C.2004) (concluding that "[s]ince the corporate decisions underlying plaintiffs' claims were made in Boston, the claims 'arose' there for the purposes of venue analysis").

**3.** The court notes that under the Standing Order of the District of Maryland, this action would be assigned to the court's Southern Division in Greenbelt, Maryland because "all of the Maryland parties reside in the Southern Division." Standing Order Concerning Assignment of Civil Cases dated Dec. 14, 1995.

New York, and states that they "would be more likely to testify" if trial were held here. Pl.'s Opp'n at 5. The plaintiff specifically identifies one witness—a resident of Alexandria, Virginia—who avers that it would be "much more convenient" for him to travel to the District of Columbia than to Maryland. Pl.'s Supp. Br. Ex. 2 ("Elliott Aff.") ¶ 28. The plaintiff did not submit any information, however, indicating that his Alexandria witness or any other potential witnesses would actually be unavailable for trial in Maryland. *See generally* Pl.'s Opp'n; Pl.'s Supp. Br.; *Trout Unlimited,* 944 F.Supp. at 16. Consequently, the court determines that this factor does not weigh against transfer. *McClamrock v. Eli Lilly and Co.,* 267 F.Supp.2d 33, 38 (D.D.C.2003) (granting motion to transfer an action to North Carolina where there was no allegation that the witnesses from the District of Columbia would refuse to appear at trial there).

Finally, with respect to the accessibility of sources of proof, AIP indicates that all of its potential witnesses and "*[a]ll* of the documents pertaining to Plaintiff's employment" are in Maryland, where AIP's corporate offices are located. Def.'s Mot. at 1, 7 (emphasis in original). The plaintiff simply makes a general statement that he possesses relevant documents in the District of Columbia, without elaboration. Pl.'s Supp. Br. at 5, 7, 9. Nor does the plaintiff indicate that any of his potential witnesses reside in the District of Columbia. *E.g.,* First Schmidt Aff. ¶ 25 (describing witnesses from Virginia and New York). Consequently, the court concludes that this factor favors transfer. *Kafack,* 934 F.Supp. at 8 (finding that the accessibility factor favored transfer to Maryland given that the majority of witnesses and records were located there).

### b. Public–Interest Factors

■ As noted, the public-interest factors include: (1) the transferee's familiari-ty with the governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts; and (3) the local interest in deciding local controversies at home. *Trout Unlimited,* 944 F.Supp. at 16. These factors also favor transfer.

■ With regard to the transferee's familiarity with the governing laws, the public interest is "best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Id.* at 19; *see also Schmid Labs., Inc. v. Hartford Accident & Indem. Co.,* 654 F.Supp. 734, 737 n. 11 (D.D.C.1986) (stating that there is a "benefit [to] having a local court construe its own law"). Resolving this case is likely to involve interpretation of Maryland law. *See generally* Compl. The District of Maryland is "surely more familiar" than this court with the application of Maryland law. *Armco Steel Co. v. CSX Corp.,* 790 F.Supp. 311, 324 (D.D.C.1991). Transfer therefore would promote judicial economy. *Trout Unlimited,* 944 F.Supp. at 16. Consequently, this consideration weighs in favor of transfer. *McClamrock,* 267 F.Supp.2d at 41(concluding that the public interest favored transfer to North Carolina given that North Carolina law "most likely" controlled the suit); *Trout Unlimited,* 944 F.Supp. at 19 (determining that the interests of justice favored transfer to Colorado given that the case could also involve the interpretation of Colorado state law).

Docket congestion is an additional consideration. *SEC v. Savoy Indus., Inc.,* 587 F.2d 1149, 1156 (D.C.Cir.1978); *Trout Unlimited,* 944 F.Supp. at 16. Although the court has no reason to believe that the docket of the District of Maryland is more or less congested than the docket of this court, it is clear that transfer would not delay this case's resolution. Because the case is in its early stages and this court

**36**

has not familiarized itself with the underlying merits, there would be no delay associated with transfer to the District of Maryland. *Trout Unlimited,* 944 F.Supp. at 19 (concluding that transfer would not lead to unnecessary delay given that the case was in its earliest stages); *cf. Savoy Indus.,* 587 F.2d at 1156 n. 15 (upholding the district court's refusal to transfer a case from this court to the Northern District of Texas as the defendants had submitted their motion one week before trial, the Texas court was highly congested, and the District of Columbia court already had a "familiarity with the allegations, characters, lawyers and previous history of litigation").

With respect to the local-interest factor, the court concludes that because AIP's corporate offices are in Maryland and the majority of operative events occurred in Maryland, the state of Maryland has a greater interest in this case than does the District of Columbia. *Kafack,* 934 F.Supp. at 9; *see also Liban,* 305 F.Supp.2d at 143 (finding that the local interest favored transfer to Maryland given that the majority of alleged discriminatory events relevant to the plaintiff's claim occurred there). In sum, as with the private-interest factors, the court concludes that AIP has met its burden of showing that the public-interest factors weigh in favor of transfer to the District of Maryland. *Trout Unlimited,* 944 F.Supp. at 16.

## IV. CONCLUSION

For the foregoing reasons, the court grants AIP's motion to transfer the action to the District of Maryland. An order directing the parties in a manner consistent with this opinion is separately and contemporaneously issued this 28th day of June, 2004.