David **SHELDON**, et al., Plaintiffs,

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.**

**Civil Action No. 04–0181 HHK/DAR.**

United States District Court, District of Columbia.

Jan. 4, 2005.

Robert Steven Sheldon, Miami Lakes, FL, for Plaintiff.

Elizabeth J. Bechtold, Eubanks & Jones, LLP, Landover, MD, Joseph S. Crociata, Bonner, Kiernan, Trebach & Crociata, Washington, DC, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

KENNEDY, District Judge.

Plaintiffs allege that they suffered permanent injuries from a train crash that was caused by the negligence of National Railroad Passenger Corporation. Plaintiffs filed this lawsuit on February 6, 2004, in the District Court for the District of Columbia. On June 30, 2004, defendant filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). On September 1, 2004, the motion was referred to Magistrate Judge Robinson for a report and recommendation as to its proper disposition. On December 9, 2004, the Magistrate Judge filed her report and recommendation, which recommends that the defendant's motion to transfer venue be granted. Under Local Rule 72.2(b), "any

party may request the judge to reconsider a magistrate judge's ruling ... by filing a motion to reconsider within 10 days ..." No such motion to reconsider has been filed.

Upon review of the report and recommendation of Magistrate Judge Robinson and for the reasons set forth in the report, it is this 4th day of January 2005, hereby.

**ORDERED** that the defendant's motion for transfer of venue is granted; and it is further

**ORDERED** that this action is transferred to the Middle District of Florida.

## *REPORT AND RECOMMENDATION*

ROBINSON, United States Magistrate Judge.

Defendant's Motion to Transfer Venue (Docket No. 8) was referred to the undersigned for Report and Recommendation. Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record herein, the undersigned will recommend that Defendant's motion be **GRANTED.**

### I. Background

Plaintiffs, in their Complaint (Docket No. 1), allege that on April 16, 2002, they purchased tickets from the Defendant to travel from Sanford, Florida, to Lorton, Virginia. Plaintiffs allege that on April 18, 2002, they boarded Defendant's Amtrak Auto Train No. 52, and at approximately 5:08 p.m, the train "crashed[.]" Complaint ("Compl.") ¶¶ 1–2. Plaintiffs allege that the accident occurred in the vicinity of Seville, Florida. *Id.* ¶ 2. Plaintiffs allege that the accident was caused by Defendant's negligence, and that they sustained permanent injuries as a direct and proximate result. *Id.* ¶¶ 5, 8. Plaintiffs are dual residents of Canada and Florida. Plaintiffs' Memorandum of Points and Authori-

ties in Opposition to Defendant's Motion to Transfer Venue ("Pls.' Mem.") at 9; *see also* Complaint (caption).

Plaintiffs invoke the court's federal question jurisdiction, and alternatively, allege that jurisdiction exists by reason of the parties' diversity of citizenship. Compl. ¶¶ 6–7. Defendant admits that the accident occurred in Seville, Florida. Defendant's ("Def.'s") Answer ¶ 2.

## II. Contentions of the Parties

Defendant moves to transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a), which provides that "a district court may transfer any civil action to any other district or division where it might have been brought." Memorandum in Support of Defendant's Motion to Transfer Venue ("Def.'s Mem.") at 4. Defendant maintains that the threshold question under § 1404(a) is whether the action could have been brought in another district. Defendant states that this action could have been brought in the Middle District of Florida. *Id.* at 5. Defendant maintains that among the factors that the court can consider in determining whether to transfer venue under 28 U.S.C. § 1404(a), two factors warrant the conclusion that venue should be transferred. These two factors are the convenience of the parties and witnesses, and the interests of justice. *Id.* at 6–9.

Defendant argues that the convenience of the witnesses is the most critical factor under 28 U.S.C. § 1404(a). *Id.* at 6. In support of this proposition, Defendant cites the case of *Chung v. Chrysler Corp.,* 903 F.Supp. 160, 164 (D.D.C.1995). Defendant cites this case as an instance in which this court accorded a plaintiff's choice of forum less consideration because the forum had no meaningful ties to the controversy and no interest in the parties or subject matter. Def.'s Mem. at 7. Defendant argues that the District of Columbia

has no meaningful ties to the controversy because Plaintiffs are dual residents of Canada and Florida, and Plaintiffs do not claim that any of the conduct relevant to their claim occurred in the District of Columbia. *Id.* at 1–2. Also, Defendant is "unaware" of any witnesses that are in the District of Columbia. *Id.* at 3. Defendant maintains that there is no evidence that Plaintiffs' health care providers have any connection to the District of Columbia. *Id.* Defendant states that "all CSX documents pertaining to the accident investigation" are located in Florida. *Id.*

With regard to the interests of justice, Defendant argues that the interests of justice dictate that the action be transferred to the Middle District of Florida. Def.'s Mem. at 8. Defendant submits that in making this determination, the court examines three factors: the transferee's familiarity with the governing laws; the relative congestion of the potential transferee and the transferor courts; and the local interest in having the case decided at home. *Id.* (citing *Shapiro, Lifschitz, & Schram, P.C. v. Hazard,* 24 F.Supp.2d 66, 71 (D.D.C. 1998)). Defendant argues that the transferee's familiarity with the governing law is not so "substantially different so as to be the definitive issue" in the court's determination of whether to transfer the action. *Id.* Defendant also argues that the District of Columbia has no local interest in deciding this case. *Id.*

Plaintiffs oppose Defendant's motion. Plaintiffs do not dispute the proposition that the case "could have been brought" in the Middle District of Florida, and indeed, suggest that "[u]nder § 1391, then both the District of Columbia, under subsection (1) and the Middle District of Florida, under subsection (2) are appropriate venues for the trial of this case". Pls.' Mem. at 6.

Plaintiffs, relying upon *Minnis v. Peebles,* 24 Mass.App.Ct. 467, 510 N.E.2d 289, 291 (1987), contend that "the plaintiff's choice of forum should be rarely be disturbed." *Id.* Plaintiffs, citing *Iragorri v. United Technologies Corp,* 274 F.3d 65, 71–72 (2d Cir.2001), argue that a plaintiff's choice of forum should not be disturbed if that choice is dictated by reasons the law recognizes as valid. *Id.* at 7.

Plaintiffs also argue that "in addition to giving deference to the their choice of forum, the court should examine other factors to determine whether 'the convenience of the parties' and 'the interest of justice' dictate a change of venue.'" *Id.* Plaintiffs submit that Defendant's contention that the known witnesses in this case are in Florida is inaccurate. *Id.* at 9. Plaintiffs state that they are dual residents of Canada and Florida, and that their treating physician resides and works in Canada. *Id.* Plaintiffs state that the engineer on board the train at the time of the accident, "reside[s] in the District of Columbia area." *Id.*[1] With no citation of authority, Plaintiffs submit that "[t]he location of where each employee had reported to work at the time of the derailment is clearly irrelevant." *Id.* at 10. Plaintiffs also assert that "it will be most convenient" for the Defendants' executives located in Washington, D.C. "to have the matter litigated in the District of Columbia." *Id.*

Plaintiffs characterize the considerations relevant to the interests of justice which Defendant identified as "private interest factors[,]" and submit that "public interest factors" dictate that this action remain in this district.[2] *Id.* at 7–8.

Plaintiffs anticipate that they may need to obtain Defendant's maintenance, decision-making and other records through subpoena, and that the only court with the power to subpoena records located in the District of Columbia is the United States District Court for the District of Columbia. *Id.* at 12. Finally, Plaintiffs identify three other considerations, including unspecified costs and congestion as additional reasons warranting deference to their choice of forum. *Id.* at 13–14.

Defendant did not file a reply.

The parties appeared before the undersigned on September 28, 2004 for oral argument on Defendant's Motion to Transfer Venue. At the hearing, Plaintiffs' counsel stated that all of the relevant documents pertaining to the accident are located in Washington, and that an Amtrak executive whom Plaintiffs wish to depose is also located here. Plaintiffs' counsel stated that he could not utilize the court in the Middle District of Florida to subpoena documents maintained in the District of Columbia. Defendant's counsel represented that any witnesses and documents Defendant might be required to make available would be made available to the Plaintiffs in the Middle District of Florida.

### III. Standard of Review

Section 1404 of Title 28 provides, in pertinent part, that "[f]or the convenience of the parties, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears

---

1. Defendant represents that the engineer lives in Sanford, Florida. Def.'s Mem. at 3.

2. With no citation of authority, Plaintiffs submit that "[t]hough the train derailed in Seville, near Crescent City, Florida, the nature of the derailment was not local. Instead, the derailment was national in nature....Therefore, jurors from any part of the nation served by Defendant, including the District of Columbia, have an interest in resolving this matter." *Id.* at 8.

the burden of establishing that the transfer of the case is proper. *Fenwick v. Nat'l Railroad Passenger Corp.*, No. CIV.A.91–2617, 1991 WL 257978, at *1 (D.D.C. Nov.20, 1991). Section 1404(a) allows the district court to adjudicate motions to transfer based upon case-by-case considerations of "convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The court, in its determination of whether to transfer a case, must balance the private interest of the plaintiff, in its choice of forum, with the public interest in having local controversies decided locally. *Fenwick*, 1991 WL 257978, at *1.

The initial question to be addressed in the evaluation of Defendant's motion is whether the action "might have been brought" in the Middle District of Florida. Venue is proper in the Middle District of Florida in accordance with 28 U.S.C. § 1391(a)(2), since the Plaintiffs' claims arise from a train crash which occurred in the Middle District of Florida. Indeed, Plaintiffs concede that this action could have been brought in the Middle District of Florida. Pls.' Mem. at 5.

 Next, the court must examine private and public interest factors. Private interest considerations include: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." *Shapiro, Lifschitz, & Schram, P.C. v. Hazard*, 24 F.Supp.2d 66, 71 (D.D.C.1998). Public interest considerations include: "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferee and the transferor courts; and (3) the local interest in deciding local controversies at home."

*Berenson v. Nat'l Fin. Serv., LLC, et al.*, 319 F.Supp.2d 1,4 (D.D.C.2004)(*citing Liban v. Churchey Group II, L.L.C.*, No. CIV.A.03–242, 2004 WL 360285 at *2 (D.D.C. Feb.26, 2004)).

## IV. Discussion

### A. Private Interest Considerations

 All six private interest considerations favor granting Defendant's motion to transfer. With regard to the Plaintiffs' choice of forum, the first consideration, the Plaintiffs' principal argument is that a plaintiff's choice of forum should rarely be disturbed. However, this court has recognized that a plaintiff's choice of forum is given diminished consideration when that forum has no meaningful ties to the controversy and no particular interest in the parties or the subject matter. *Wilderness Soc'y v. Babbitt*, 104 F.Supp.2d 10, 13 (D.D.C.2000). Other than the fact that the Defendant was congressionally chartered by Congress, a circumstance of no immediate relevance, the District of Columbia has no tie this litigation.

In *Fenwick*, this court examined an issue similar to the case at bar. In that case, the only tie to the District of Columbia was that Defendant, Amtrak, was incorporated, and maintained its corporate headquarters, in the District of Columbia. The case was before the court on the defendant's motion to transfer. The plaintiff filed the action in the Superior Court of the District of Columbia, but the defendant later removed the case to the United States District Court for the District of Columbia. Thereafter, the defendant moved to transfer the case to the United States District Court for the Eastern District of Virginia. *Fenwick*, 1991 WL 257978, at *1. That action, like the instant action, arose out of an accident involving an Amtrak train. The accident occurred in Catlett, Virginia. The court transferred

the action to the Eastern District of Virginia, where the accident occurred. In so deciding, this court held that the Eastern District of Virginia was the location of the alleged negligence, a location where the Defendant was licensed to do business, the location where the "crucial" witnesses lived and worked, and the location where the critical records were located. The court held that the only connection that the only ties to this district were that the defendant was incorporated here and maintained its corporate headquarters here, and the plaintiffs purchased their tickets here and boarded the train here. *Id.* With respect to those ties, the court found that the interest of the public would be greatly served by transferring the case, and that any inconvenience in having the action heard in the United States District Court for the Eastern District of Virginia would be slight. *Id.*

Similarly, in *Schmidt v. Am. Inst. of Physics*, 322 F.Supp.2d 28, 36 (D.D.C. 2004), the court granted the defendant's motion to transfer the action to the District of Maryland, holding that most of the events occurred in Maryland and that the District of Columbia had few ties to the case. In *Schmidt*, a terminated employee brought suit against a former employer alleging various claims, including breach of contract and negligent infliction of emotional distress. The plaintiff worked for a non-profit corporation affiliated with the University of Maryland. The plaintiff initially worked in New York, but later moved to the District of Columbia when the defendant moved its corporate headquarters to Maryland. The parties disagreed with respect to where the plaintiff worked. The plaintiff alleged that he worked at home for four days of the week and in Maryland for the remaining day, while the defendant alleged that the plaintiff worked primarily in Maryland for most of the work week. The plaintiff initially filed suit in the Superior Court for the

District of Columbia. The defendant removed the action to this court, and then moved to transfer the action to the District of Maryland. The court concluded that the District of Columbia did not have meaningful ties to the controversy, and afforded little deference to the plaintiff's choice of forum. *Id.* at 33. The court took into account the fact that the defendant decided to terminate plaintiff's employment in Maryland and told plaintiff of this decision in Maryland, and that the relevant documents, witnesses, and defendant's corporate office were all located in Maryland. On the basis of these considerations, the court found that Maryland had a greater in interest in the case than the District of Columbia. *Id.* at 36.

The second private interest consideration is Defendant's choice of forum. With regard to the Defendant's choice of forum, the accident occurred entirely in the Middle District of Florida. Furthermore, the fact that relevant witnesses and documents are located in the Middle District of Florida, or will be made available there, provides further support for Defendant's choice of forum. Def.'s Mem. at 3.

The third private interest consideration is whether the claim arose elsewhere. The entire claim arose in Florida. Plaintiffs do not dispute that the entire claim arose in Florida and that no part of the claim arose in the District of Columbia. This factor weighs heavily in favor of transfer.

The fourth and fifth private interest considerations are the convenience of the parties and of the witnesses. Plaintiffs are not residents of the District of Columbia, and do not suggest that they are unable to appear in the Middle District of Florida, where they maintain a portion of their dual residence. Plaintiffs make no argument that the District of Columbia is a more convenient forum for their treating physician; indeed, Plaintiffs do not suggest that

their physician cannot travel to the Middle District of Florida nor does the physician have any ties to the District of Columbia. Additionally, the Plaintiffs do not contend that they are unable to bear the cost of litigating this action in the Middle District of Florida. *Gemological Institute of America, Inc., v. Thi–Dai Phan, et al.,* 145 F.Supp.2d 68, 74 (D.D.C.2001)(finding that the plaintiffs did not maintain that they would not be able to bear the cost of litigating the action in the proposed forum which favored transferring venue) (citations omitted).

Defendant's strongest argument for the transfer of this case is the convenience of the parties and witnesses. Defendant submits that the most critical factor to examine under 28 U.S.C. § 1404(a) is the convenience of the witnesses. Def.'s Mem. at 6. Defendant asserts that the known witnesses are in the state of Florida. Defendant argues that the litigation of the case in the Middle District of Florida would provide the parties easier access to the witnesses, including the public emergency responder witnesses that are under the jurisdiction of the Florida courts. Defendant asserts that the overall expense and inconvenience of the parties and witnesses would be increased by travel to the District of Columbia. *Id.* at 7.

With regard to expense, Plaintiffs submit only that they have already begun to make arrangements to call expert witnesses who live in the Washington, D.C. area in order to minimize the costs of litigation. Pls.' Mem. at 13. However, Plaintiffs do not explain how their litigation costs will be greater if the case is transferred to the Middle District of Florida.[3]

The sixth private interest consideration is the ease of access to sources of proof. Plaintiffs' claims are based on common law negligence claims. Plaintiffs allege that they will need access to Defendant's records, which are located in the District of Columbia. Plaintiffs state that they plan to allege "systematic negligence" throughout Defendant's corporation in order to obtain punitive damages and, in order to do this, Plaintiffs maintain that they will need to depose Defendant's executives with decision-making power as witnesses. All of the common law negligence claims that Plaintiffs allege occurred in Florida and Florida law will determine the outcome of these claims. At the hearing before the undersigned, the Defendant argued that the witnesses that the Plaintiffs plans to call will be subject to depositions anyway, and agreed to provide documents to the Plaintiffs that would otherwise be produced in Florida as well as to make witnesses available to Plaintiffs as well.

## B. Public Interest Considerations

At least two of the three public interest considerations favor granting Defendant's motion to transfer. With regard to the transferee's familiarity with the governing laws, the transferee, the Middle District of Florida, will be more familiar with the Florida's negligence laws than this court. Plaintiffs concede that Florida law governs this case, but argues that federal law applies because Defendant's "pattern of negligence violates the federal laws that established the defendant corporation." Pls.'

---

**3.** Defendant argues that it is not aware of any witnesses who reside in the District of Columbia, but Plaintiffs maintain that there are several whom they plan to call who live in the District of Columbia. Plaintiffs state that they have "plans, not yet finalized" to call "Defendant's executives located in Washington, D.C.

as witnesses." *Id.* at 10. Plaintiffs did not indicate what relevant evidence they expect to elicit from the unnamed executives. Nor have Plaintiffs stated that any of these witnesses will be unavailable if the case were transferred to the Middle District of Florida.

Mem. at 14. The Plaintiffs have not offered any authority to support this proposition. This case arose from an accident that occurred entirely in Florida, and Florida law will determine the outcome of the case.

With regard to the relative congestion of the calendars of the potential transferee and the transferor courts, neither the Defendant nor the Plaintiffs provided the Court with any information regarding the relative level of congestion in the transferee court.

With regard to the local interest in deciding local controversies at home, Plaintiffs submit that the District of Columbia has an interest in this litigation; however, the undersigned finds this statement is conclusory. Plaintiffs state that the "nature of the derailment was not local. Instead, the derailment was national in nature." Pls.' Mem. at 8. Plaintiffs do not provide any authority in support of this statement. Plaintiffs further note that "jurors from any part of the nation served by Defendant, ... have an interest in resolving this matter." *Id.* Again, Plaintiffs provide no authority for this proposition.

The undersigned has considered the authorities in support of the Defendant's Motion to Transfer Venue and the Plaintiffs' Opposition to Defendant's Motion to Transfer Venue. Of the 16 cases that the Plaintiffs cite their Memorandum of Points and Authorities, Plaintiffs only cite two cases that were decided by the United States District Court for the District of Columbia, and instead, rely on decisions— some of which are at least twenty years old—of other courts.

## V. Conclusion

For all the foregoing reasons, the undersigned finds that the Middle District of Florida is proper venue for this case under 28 U.S.C. § 1404(a) because this action could have been brought there, and the balance of the interests of the parties and witnesses, as well as the interests of justice, warrant the transfer of this action to the Middle District of Florida. It is, therefore,

**RECOMMENDED** that Defendant's Motion to Transfer Venue (Docket No. 8) be **GRANTED.**

Dec. 9, 2004.